## ELLIOTT et al. v. WALLACE et al.
### No. 4052.

Court of Civil Appeals of Texas. Texarkana.

Sept. 30, 1931.

Rehearing Denied Oct. 22, 1931.

P. A. Sanders, of Nacogdoches, and F. A. Taylor, of Henderson, for appellants.

John M. Tipps and Lee G. Carter, both of Dallas, for appellees.

WILLSON, C. J. (after stating the case as above).

It appeared that the land in controversy did not belong to the separate estate of either William Cooper or his wife, Martha Elliott Cooper, and that title to same was acquired by them while they were husband and wife. Hence it must be said it appeared the land belonged to the community estate between said William Cooper and Martha Elliott Cooper. Article 4619, R. S. 1925. But it appeared, further, that the deed from Cornelius Cooper was to William Cooper alone. Hence it must be said it appeared that the legal title to the land was in William Cooper, and that the title of Martha Elliott Cooper and her heirs to an undivided interest therein was an equitable one. Mitchell v. Schofield, 106 Tex. 512, 171 S. W. 1121. The legal title being in William Cooper, and the title in Martha Elliott Cooper to an interest in the land being an equitable one only, the burden was on appellants to show that the purchasers of the legal title in William Cooper were not innocent purchasers within the meaning of the law, and as such entitled to protection as against the equitable title asserted by them (appellants). Ferguson v. Dodd (Tex. Civ. App.) 183 S. W. 391. It follows that, if appellants did not discharge such burden, the trial court had a right to say they had failed to make the case they relied on for relief and to instruct the jury as he did and on their verdict render the judgment he did render, without respect to whether the defenses interposed by appellees to the recovery sought against them were established or not. We have not been referred to, and have not found in the record sent to this court, evidence showing that either R. J. Blackwell, to whom heirs of William Cooper conveyed the land, R. F. Crowley, to whom Blackwell conveyed it, E. B. Alford, to whom Crowley conveyed it, C. H. Gilstrap, to whom Alford conveyed it, W. G. Thrasher, to whom Gilstrap conveyed it, or appellees, to whom Thrasher conveyed it, did not occupy the position of an innocent purchaser for value without notice of the equitable title in Martha Elliott Cooper to an

interest in the land. The law being that the failure of appellants to prove that the purchasers named or any one of them did not occupy such a position operated to deny appellants a right to recover as they sought to (Huling v. Moore [Tex. Civ. App.] 194 S. W. 188), we think it cannot be said the trial court erred when he instructed the jury as he did, and rendered the judgment of which appellants complain.

The judgment is affirmed.