### ELLIOTT et al. v. WALLACE et al.
### No. 1659—6122.

Commission of Appeals of Texas, Section A.
April 19, 1933.

F. A. Taylor, of Henderson, and P. A. Sanders, of Nacogdoches, for plaintiffs in error.

Lee G. Carter and John M. Tipps, both of Dallas, for defendants in error.

CRITZ, Judge.

This suit was filed in the district court of Rusk county, Tex., in the form of trespass to try title, and to partition a tract of 81½ acres of land in Rusk county, Tex.

It is shown by the record before us that in the year 1865 William Cooper was married to Martha Elliott, then a widow. The land in dispute in this suit was conveyed for a cash consideration to William Cooper by one Cornelius Cooper on March 24, 1866. Under the record before us, it was the community property of William Cooper and his said wife, Martha Elliott Cooper.

Martha Elliott Cooper died in 1898. The husband, William Cooper, died some nine years later, in 1907.

It is shown by the record that S. L. Elliott et al., who were the plaintiffs in this suit in the district court, and the appellants in the Court of Civil Appeals, and who are the plaintiffs in error here, are the children and heirs at law of Martha Elliott Cooper by her former marriage, and claim title to an interest in this land by reason of such heirship.

E. E. Wallace et al., who were the defendants in the district court, and the appellees in the Court of Civil Appeals, and who are defendants in error here, claim title by mesne conveyances from one R. J. Blackwell to whom the land was conveyed by the children and heirs of William Cooper, deceased, which heirs were also the children and heirs of Martha Elliott Cooper, deceased, by her marriage to William Cooper.

Trial in the district court resulted in an instructed verdict for E. E. Wallace et al. Judgment was entered accordingly. S. L. Elliott et al. appealed to the Court of Civil Appeals, which court in all things affirmed the judgment of the district court. 42 S.W. (2d) 1058. S. L. Elliott et al. bring error.

The record in this case shows that the deed from Cornelius Cooper to William Cooper was to him alone. The title thus acquired, nothing appearing to the contrary, belonged to the community estate of William and Martha Elliott Cooper. Article 4619, R. C. S. 1925. However, as held by the Court of Civil Appeals, the deed operated to vest William Cooper with the legal title, while the title of Martha Elliott Cooper was an equitable one to an undivided one-half interest. Mitchell v. Schofield, 106 Tex. 512, 171 S. W. 1121.

It is shown that after Martha Elliott Cooper's death, the three children of her marriage with William Cooper conveyed their interests in this land to their father, William Cooper. He, however, did not dispose of it during his life time. This deed gave no notice of any equitable title in Martha Elliott Cooper.

After William Cooper's death, the three children who had conveyed to their father in the deed just above mentioned conveyed this land to R. J. Blackwell. E. E. Wallace et al., defendants in error here, claim title by mesne conveyances from R. J. Blackwell.

The deed to R. J. Blackwell just mentioned contains the following statement:

"Know all men by these presents: That we, Cornelius Cooper & wife Ida Cooper, Mrs. Amanda Pierson, Sallie Worrell, joined by her husband, J. A. Worrell of the County of Rusk and State of Texas for and in consideration of Three Hundred Dollars to us in hand paid by Dr. R. J. Blackwell of Rusk County, Texas, the receipt of which is hereby acknowledged by us have Granted, Sold and Conveyed, and do by these presents Grant, Bargain, Sell and Convey unto the said Dr. R. J. Blackwell, of Rusk County, State of Texas and to his heirs and assigns forever the following described tract or parcel of land, situated in the County of Rusk and State of Texas, and described as follows:

"Being a part each of H. Henderson & R. H. Penny Headright surveys of ——— about 7 miles North West of Henderson and heretofore known as the Wm. Cooper homestead located on the H. Henderson and R. H. Penny headright surveys as fully described by metes and bounds in a deed from Cornelius Cooper Sr., to Wm. Cooper recorded in Book No. 43, pages 255 and 260 Records of Deeds

of Rusk County, Texas, and same is also described in Deed from Cornelius Cooper, Jr., Wm. Pierson and wife, Amanda Pierson and Sallie Worrell and husband J. A. Worrell to Wm. Cooper, recorded in Book No. 54 pages 3 & 4 Records of Deeds of Rusk County, Texas, wherein said last named parties conveyed their ½ undivided interest in and to said aforesaid tracts of land acquired through the wife of said Wm. Cooper who was deceased at the time of said latter conveyance and who was the mother of Cornelius Cooper, Jr., Mrs. Amanda Pierson and Mrs. Sallie Worrell which said metes and bounds included 177¼ acres of land but after deducting the quotas sold off said tracts by Wm. Cooper to Worrell and wife Sallie Worrell, leaves a balance remaining of said tracts of 82½ acres more or less which is intended to be conveyed and is conveyed by this transfer and deed."

From the statement we have made, it is evident that the record title of E. E. Wallace et al. depends on the deed to R. J. Blackwell, and that such deed is directly in their chain of title.

Under the above record, the Court of Civil Appeals holds: " * * * The legal title being in William Cooper, and the title in Martha Elliott Cooper to an interest in the land being an equitable one only, the burden was on appellants to show that the purchasers of the legal title in William Cooper were not innocent purchasers within the meaning of the law, and as such entitled to protection as against the equitable title asserted by them (appellants). Ferguson v. Dodd (Tex. Civ. App.) 183 S. W. 391. It follows that, if appellants did not discharge such burden, the trial court had a right to say they had failed to make the case they relied on for relief and to instruct the jury as he did and on their verdict render the judgment he did render, without respect to whether the defenses interposed by appellees to the recovery sought against them were established or not. We have not been referred to, and have not found in the record sent to this court, evidence showing that either R. J. Blackwell, to whom heirs of William Cooper conveyed the land, R. F. Crowley, to whom Blackwell conveyed it, E. B. Alford, to whom Crowley conveyed it, C. H. Gilstrap, to whom Alford conveyed it, W. G. Thrasher, to whom Gilstrap conveyed it, or appellees, to whom Thrasher conveyed it, did not occupy the position of an innocent purchaser for value without notice of the equitable title in Martha Elliott Cooper to an interest in the land."

■■ We agree with the rule of law announced by the Court of Civil Appeals that the burden in this case rested on the plaintiffs in error to show that R. J. Blackwell and those holding under him were not innocent purchasers within the meaning of the law. In other words, the burden was on S. L. Elliott et al., who are asserting title solely as heirs of Martha Elliott Cooper, to charge R. J. Blackwell with notice of the outstanding equitable title of Martha Elliott Cooper, but we do not agree with the holding of the Court of Civil Appeals to the effect that there is no evidence in the record showing such notice. On the other hand, we think the deed to R. J. Blackwell, which is directly in the chain of title of defendants in error, conclusively, and as a matter of law, charges R. J. Blackwell and those holding under him with notice of the outstanding equitable title of Martha Elliott Cooper, deceased. We think a casual reading of the deed will support this conclusion. In this connection, we call attention to the fact that the above deed expressly refers to the deed made by the joint heirs of William Cooper and Martha Elliott Cooper to William Cooper above mentioned, giving the book and page of its recordation. The above deed then, in plain language, tells the grantee R. J. Blackwell that William Cooper, deceased, had a wife, then also deceased, who had a one-half interest in the land at the time of her death. We hold that such statement charged R. J. Blackwell and those holding under him with notice of the outstanding equitable title of Martha Elliott Cooper, deceased, and this as a matter of law. This is the question on which the writ was granted.

In addition to the defense offered by the defendants in error, already discussed by us, and decided against them, they also, by proper pleadings in the district court, claimed title to this land by force of both the 5 and 10-year statutes of limitation. Articles 5509 and 5510, R. C. S. of Texas 1925.

■ The Court of Civil Appeals did not pass on such limitation questions, because, under its holding, it was not necessary to do so. With the case in this condition, it now becomes our duty to pass on the law questions involved in these limitation issues.

■ As already noted, the deed from the joint heirs of William and Martha Elliott Cooper to R. J. Blackwell was executed on October 24, 1907. It was recorded on the same day. This deed purports on its face to convey the entire title. We gather from the transcript that the suit was filed in the district court on March 22, 1930. No issue of minority is involved. The record before us shows conclusively that R. J. Blackwell and those holding under him have had actual, peaceable, and adverse possession of this land cultivating, using, and enjoying the same during all the time from the execution and delivery of the above deed to the filing of this suit. Also they have paid taxes on such land during all this time. Furthermore, the record shows that the land has been under fence during all this time. We can hardly conceive of facts more conclusively showing title by both the 5 and the 10-year statutes of limitation.

In connection with the above, we have noted that one of the heirs of Martha Elliott Cooper by her first marriage lived on the above land about 1920, but this fact does not affect the limitation title because he went on the land after title by both the 5 and the 10-year statutes of limitation had fully accrued, and also he went thereon as the acknowledged tenant of a holder of the title under the R. J. Blackwell chain.

Because we are of the opinion that the record before us shows title by limitation in E. E. Wallace et al., we recommend that the judgment of the Court of Civil Appeals and the district court be both affirmed.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.