MARGARET ROGERS v. H. E. WINTERS.

No. A-7908. Decided December 14, 1960.
Rehearing Overruled January 11, 1961.
(341 S.W. 2d Series 417)

*Simpson, Adkins, Fullingham & Hangins* and *A. B. Hankins,* of Amarillo, for petitioner.

*Riley Strickland,* of Amarillo, for respondent.

MR. JUSTICE CALVERT delivered the opinion of the Court.

In a trial before the court judgment was rendered in favor of Margaret Rogers, plaintiff, decreeing specific performance of a contract to convey land. That judgment was reversed by the Court of Civil Appeals and judgment rendered for defendant, Winters. 336 S.W. 2d 936.

The contract upon which the suit is based is a written contract, dated September 22, 1954, entered into between Margaret Rogers, described in the contract as "a feme sole," as purchaser, and Velma P. Oertli as seller. Velma Oertli died in August, 1956. Winters was the sole beneficiary in Mrs. Oertli's will.

This suit was filed on June 6, 1958 by "Margaret Rogers, a feme sole." On December 15, 1958 defendant filed a motion to dismiss, setting up in the motion that the plaintiff was a married woman when the suit was filed. Attached to the motion was a copy of a judgment, entered on October 17, 1958 granting Arch Rogers a divorce from Margaret Rogers. On December 18th Margaret Rogers filed an amended petition in which she alleged that she had been abandoned by her husband, Arch Rogers, many years before the filing of her suit and that she was so abandoned at the time her suit was instituted. In addition, she alleged that Arch Rogers had conveyed his interest in the property to her. The conveyance was dated December 17, 1958.

Winters pleaded the four-year statute of limitations by way of defense to plaintiff's amended petition, and then moved for a summary judgment on the basis of that defense. The motion was overruled. The case was tried before the court without a jury and, as indicated above, judgment was rendered for Mrs. Rogers, the plaintiff. Findings of fact and conclusions of law were neither sought nor filed.

■ The judgment of the trial court was reversed by the Court of Civil Appeals on the ground that the suit was one for the recovery of community property for which only the husband could sue in the absence of allegations by the wife of abandonment; and that inasmuch as the husband never sued and Mrs. Rogers never alleged abandonment until after the lapse of four years from the date of the contract, the cause of action for specific performance was barred by the four-year statute of limitations, Article 5529, Vernon's Annotated Texas Statutes. In the light of the record before us, we find it unnecessary to decide that question. We do take occasion to state, however, that it is a married woman's *status* as an abandoned wife, not her *pleading* of the status, which authorizes her to sue for the recovery of community property. In other words, if when a married woman sues for community property she is in fact an abandoned wife she may file and maintain the suit and thus interrupt the running of the statute of limitations. A subsequent amendment of the pleading, either voluntary or in response to defensive pleading, to show her status as an abandoned wife would not let in the statute. Texas & P. Ry. Co. v. Fuller, 13 Texas Civ. App. 151, 36 S.W. 319, 321, writ refused.

A plea of limitations is an affirmative defense. Rule 94, Texas Rules of Civil Procedure. The judgment of the Court of Civil Appeals necessarily rests on its holding that the defense was conclusively established. There are two reasons why we do not agree: (1) The evidence does not conclusively establish that four years had elapsed from the date on which the plaintiff's cause of action accrued; and (2) the evidence does not show conclusively that the four-year statute was not tolled for one year by the death of Mrs. Oertli.

■ (1). The Court of Civil Appeals assumed that the plaintiff's cause of action accrued on the date of the written contract, to-wit, September 22, 1954. We do not agree. The contract provided that the seller would furnish to Mrs. Rogers an abstract of title, certified to date, without fixing any limitation of time within which the same should be furnished. The contract then provided that Mrs. Rogers should have ten days within which to accept the title as shown by the abstract or return it with written objections. The seller was given a reasonable time to cure the objections and show good and marketable title. The contract then provided that if the seller should fail to furnish good and marketable title Mrs. Rogers should have an option of cancelling and returning the contract or enforcing it by specific performance. Finally, it was provided that when title ob-

jections had been cured, the seller would deliver to Mrs. Rogers a good and sufficient general warranty deed conveying the property. From those provisions it is clear that the contract did not in itself fix a definite date on which Mrs. Rogers' cause of action for specific performance accrued. That date was contingent, depending entirely upon when the abstract was furnished to her for examination, when written objections to the title, if any, were delivered to the seller, and the expiration of a reasonable time thereafter within which the seller could cure objections and show good and marketable title. There is no proof in the record on any of these matters; therefore, it cannot be said that Mrs. Rogers' cause of action for specific performance accrued prior to December 18, 1954, or that four years elapsed from the time her cause of action accrued before she filed her amended petition on December 18, 1958. Dugan's Heirs v. Colville's Heirs, 8 Texas 126; Betzer v. Goff, 35 Texas Civ. App. 406, 80 S.W. 671, no writ history.

■ (2). The record reflects that Mrs. Oertli died in August, 1956. Under the provisions of Article 5538, Vernon's Annotated Texas Statutes, the four-year statute of limitations was tolled for a period of twelve months after Mrs. Oertli's death or until such time as an executor of Mrs. Oertli's will or an administrator of her estate qualified. There is some indication in the defendant's pleading that he qualified as executor of Mrs. Oertli's estate sometime shortly after her death, but we can find in the record no evidence showing what period of time elapsed between Mrs. Oertli's death and the defendant's qualification as executor. We cannot say, therefore, that the statute was tolled for a period of less than three months. Unless it was, the four-year period of limitation would not have elapsed at the time Mrs. Rogers' amended petition was filed on December 18, 1958. The burden was on the defendant to make proof of the facts to sustain his affirmative defense. Jolly v. Fidelity Union Trust Co., 118 Texas 58, 10 S.W. 2d 539, 540.

Respondent had before the Court of Civil Appeals no other point of error which, if sustained, would result in affirming the judgment of that court in his favor. He did have before the Court of Civil Appeals points of error which, if sustained, would result in a reversal of the trial court's judgment and a remand of the case to the trial court for re-trial or for otherwise altering the judgment of the trial court, but none of those points are brought forward as cross-points in this court and they are, therefore, waived. See Some Problems of Supreme Court Review, 21 T.B.J. 75, 113.

456

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion delivered December 14, 1960.

Rehearing overruled January 11, 1961.