**Jim C. McKELVY, Petitioner,**

v.

**Dr. Forrest C. BARBER, Respondent.**

**No. A–9683.**

Supreme Court of Texas.

July 8, 1964.

Rehearing Denied July 29, 1964.

' John W. Herrick, Massie Tillman, Fort Worth, for petitioner. ·

Cantey, Hanger, Gooch, Cravens & Scarborough, Sloan B. Blair, Fort Worth, for respondent.

WALKER, Justice.

Our opinion delivered in this cause on March 4, 1964, is withdrawn and the following is substituted therefor:

Jim C. McKelvy, petitioner, brought this suit again Dr. Forrest C. Barber, respondent, to recover damages alleged to have resulted from negligent medical treatment. Respondent's motion for instructed verdict at the conclusion of all the evidence was granted by the trial court, and the Court of Civil Appeals affirmed. 368 S.W.2d 38. As the case reaches us, the appeal presents two procedural problems and two questions of substantive law. We have concluded that respondent was not entitled to a peremptory instruction on any of the grounds asserted in his motion, and the cause will be remanded for a new trial.

Petitioner injured his finger in the course of his employment by American Manufacturing Company. He was taken by the Personnel Director to the office of respondent, who treated the injury. Petitioner later developed tetanus and was totally and permanently disabled at the time of trial. He settled with Pacific Employers Insurance Company, the compensation carrier for American, prior to the institution of this suit.

While respondent's motion for instructed verdict contains twenty numbered paragraphs, it actually asserts two basic and independent grounds for granting a peremptory instruction in his favor. These

are: (1) that there is no evidence to support a finding that the tetanus was proximately caused by any negligence on respondent's part; and (2) that since the undisputed evidence shows that respondent was acting as the agent, servant or employee of American and its compensation carrier in treating petitioner, he is immune from liability by virtue of the provisions of Article 8306, § 3, Vernon's Ann.Tex.Civ. Stat. The judgment of the trial court merely recites that specific grounds were set forth in the motion for instructed verdict, and that the court was of the opinion that the motion was well taken and should be granted. To reverse the judgment of the trial court under these circumstances, it was necessary for petitioner to assume the appellate burden of establishing that the peremptory instruction cannot be supported on either of the grounds set out in the motion. If he has waived the right to question either of such grounds or if either is sound, the judgment of the trial court must be affirmed.

■ Petitioner was not required to file a motion for new trial as a prerequisite to an appellate attack on the action of the trial court in granting a peremptory instruction. Rule 324, Texas Rules of Civil Procedure. His brief as appellant in the Court of Civil Appeals contains three points of error which assert that there is evidence to support findings that the tetanus was proximately caused by respondent's negligence. Since he did not have a point of error complaining of the action of the trial court in sustaining the motion for instructed verdict on the second ground mentioned above, respondent says that petitioner has waived any complaint he might have had with respect thereto. We do not agree.

■ In the introduction to his brief as appellee in the Court of Civil Appeals, respondent stated that he presumed petitioner was not contesting the motion for peremptory instruction on any grounds other than as stated in the three points of error.

By his Counterpoint No. 16 and the argument thereunder, however, respondent sought to uphold the instructed verdict on the statutory immunity ground urged in the trial court. Petitioner responded with an extended discussion of the question in his reply brief, and respondent then filed an additional reply dealing only with that issue. The Court of Civil Appeals did not affirm on the theory that petitioner had waived the right to complain of any error on the part of the trial court in granting a peremptory instruction on the second ground stated in the motion for instructed verdict. On the contrary, it considered the question on the merits, concluded that the position taken by respondent was sound, and accordingly affirmed the judgment of the trial court without considering the three points of error set out in petitioner's original brief. After a point of law has thus been briefed by all parties and decided by the Court of Civil Appeals, we think it should be treated as having been properly presented for decision at the intermediate court level even though not raised by a formal point of error in the appellant's brief.

■ Section 3 of Article 8306 provides that the employees of a subscriber shall have no right of action against their employer or against any agent, servant or employee of said employer for damages for personal injuries. An agent, servant or employee within the meaning of this statute is ordinarily one for whose conduct the employer would, aside from the Workmen's Compensation Act, be legally responsible under the doctrine of respondeat superior. The statutory immunity does not extend, for example, to an independent contractor. See Haynes v. Taylor, Com.App., 35 S.W.2d 104, 38 S.W.2d 1101; Cotton v. Henger, Tex.Civ.App., 312 S.W.2d 299 (modified and affirmed, 159 Tex. 139, 316 S.W.2d 719). The injured claimant may thus be entitled to recover in a third-party action even though the defendant would be regarded as the employer's agent for some purposes. An important consideration in such cases

is whether the employer had that right to control the physical details as to manner of performance which is characteristic of the relationship of master and servant. See American Nat. Ins. Co. v. Denke, 128 Tex. 229, 95 S.W.2d 370, 107 A.L.R. 409.

As pointed out by the Court of Civil Appeals, it is undisputed that respondent was the doctor for American Manufacturing Company. Petitioner so testified, as did respondent and a representative of the company. Respondent says that when all parties have thus conceded that he was engaged in work for the employer, a presumption arises that the relationship of master and servant existed between them. He contends that the courts below were required to give effect to such presumption because no evidence tending to show the existence of any other relationship was introduced.

■ It is unnecessary to decide here whether there are circumstances under which a medical practitioner who treats a patient would be regarded as the servant of another. In the ordinary case, however, where an industrial employer or its compensation carrier arranges for and pays a particular physician or surgeon to care for employees injured in the course of their employment, the parties do not contemplate that the relation of master and servant will arise between the employer or carrier on the one hand and the physician or surgeon on the other. The doctor is generally expected to exercise and rely entirely upon his own professional knowledge and skill without interference from either the employer or the insurance carrier. There is no presumption then of a master and servant relationship where the proof merely shows that an ordinary employer or insurance company has arranged for a doctor to treat another person. See 41 Am. Jur. Physicians and Surgeons § 116; Annotation, 19 A.L.R. 1168, 1183; Annotation, 69 A.L.R.2d 305, 320; Restatement, Second, Agency § 223, Comment a; Mechem, Out-lines of the Law of Agency, 4th ed. 1952, § 432 et seq.

■ It appears from the evidence in this case that respondent is engaged in the general practice of medicine. Only about fifteen or twenty per cent of his practice is of an industrial nature. He is not on a retainer with American Manufacturing Company, but is paid for his services as they are rendered. His charges for treating injured workmen are paid by Pacific Employers, while American pays his fees for making physical examinations. The details of his relationship with the company are not fully developed, but the mere fact that he is generally regarded as the "company doctor" and is paid by Pacific Employers does not conclusively establish that he is subject to the ultimate control of either in his treatment of industrial injuries. In our opinion the evidence fails to show as a matter of law that respondent is the agent, servant or employee of American Manufacturing Company or its compensation carrier in rendering such services, and the instructed verdict cannot rest upon the second ground stated above. See Pedigo & Pedigo v. Croom, Tex.Civ.App., 37 S.W.2d 1074 (wr. ref.); Hoffman v. Houston Clinic, Tex.Civ.App., 41 S.W.2d 134 (wr. dis.). This brings us to the second procedural question raised by respondent.

As indicated above, the Court of Civil Appeals did not pass upon petitioner's three points of error which attacked the first ground set out in the motion for instructed verdict. The failure of the intermediate court to consider and sustain such points was not assigned as error in petitioner's motion for rehearing in the Court of Civil Appeals or in his application for writ of error here. Respondent says that in this situation the judgment of the trial court must be affirmed in any event because it rests upon an independent ground which cannot now be questioned. He thus seeks to invoke the rule that applies when the intermediate court has overruled points of

error attacking an independent ground upon which the judgment of the trial court rests and its action in that respect is not brought forward for review. See City of Deer Park v. State, 154 Tex. 174, 275 S.W.2d 77.

"[I]t seems to be the definitely settled rule that the party who prevailed in the Court of Civil Appeals is entitled to have his assignments, which were properly presented in that court, considered by the Supreme Court in so far as may be necessary to determine what judgment should have been rendered by the Court of Civil Appeals." Holland v. Nimitz, 111 Tex. 419, 232 S.W. 298, 239 S.W. 185. This refers to assignments or points of error that were not passed on by the Court of Civil Appeals. We have also said on several occasions that "when it is determined that the Court of Civil Appeals erred in basing its judgment on a particular ground, the Supreme Court is authorized to consider the briefs filed in that court, not for the purpose of reversing its judgment, but for the purpose only of determining whether, by considering other assignments therein, it could affirm such judgment." See Texas Employers Ins. Ass'n v. Kennedy, 135 Tex. 486, 143 S.W.2d 583; Driver v. Worth Construction Co., 154 Tex. 66, 273 S.W.2d 603; Garcia v. Moncada, 127 Tex. 453, 94 S.W.2d 123.

These "ground rules" which have evolved through the years are usually applied in the ordinary case where each of several points of error in the Court of Civil Appeals, if sustained, would require that the judgment of the trial court be reversed. All complaints of that nature must be considered and overruled before the intermediate court can properly affirm. If it does affirm and the appellant brings forward only some of the points in his application for writ of error, his other points in the Court of Civil Appeals are deemed to be waived, whether passed on by that court or not. This is so because the intermediate court plainly errs when it affirms without considering a contention that might lead to a

reversal, and the burden is on the losing party to complain of the error if he wishes us to pass on the question.

When the Court of Civil Appeals reverses in the ordinary case mentioned above, it will either render or remand as may be required by the point or points of error which are sustained. The losing party must then bring forward for review all rulings of the intermediate court which led to a reversal. If we decide that its holdings on these questions are unsound, the brief of the prevailing party in the Court of Civil Appeals may be examined to determine whether there are other points of error which warrant an affirmance of its judgment on a ground not considered by the intermediate court. See Meyer v. Great American Indemnity Co., 154 Tex. 408, 279 S.W.2d 575. We may also remand the cause to the Court of Civil Appeals to enable it to pass on points of the prevailing party there which were rendered immaterial under its initial holding, even though the sustaining of such points would lead to a judgment different from that originally entered by the intermediate court. See Wood v. Kane Boiler Works, 150 Tex. 191, 238 S.W.2d 172; Ritchie v. American Surety Co., 145 Tex. 422, 198 S.W.2d 85; Baker v. Baker, 143 Tex. 191, 183 S.W.2d 724; Block v. Aetna Casualty & Surety Co., 138 Tex. 420, 159 S.W.2d 470; McKenzie Construction Co. v. City of San Antonio, 131 Tex. 474, 115 S.W.2d 617.

This is not one of the ordinary cases, and in our opinion is not governed by the general rules, discussed above. The judgment of the trial court can rest upon two independent grounds, and both rulings of that court were brought to the Court of Civil Appeals for review. After overruling the attack on one of such grounds, the intermediate court was not required to and did not pass on the appellant's points of error which challenged the other ground. The appellant then came to us with an application for writ of error which asserts that the holding of the Court of Civil Appeals

on the question decided there is erroneous but does not mention the negligence and causation points that were not considered, and we have concluded that the points of error brought forward in the application should be sustained.

There appear to be only two previous cases in which this situation has arisen. In one of them the procedural problem with which we are now concerned was not raised, and the Commission of Appeals took the position that it was under a duty to pass on the question not considered by the Court of Civil Appeals. Elliott v. Wallace, Tex.Com.App., 59 S.W.2d 109. In the other case, the defendants in error argued at length, as respondent does here, that the judgment of the trial court should be affirmed because it could rest on a ruling not considered by the Court of Civil Appeals and not brought forward in the application for writ of error. This practice question was not decided, because the assignment of error was treated by the Supreme Court as being sufficiently broad to embrace all rulings made by the trial court. Independent Eastern Torpedo Co. v. Herrington, 128 Tex. 17, 95 S.W.2d 377.

▮▮▮▮ A careful and seasoned appellate practitioner would have included in his application for writ of error a point asserting that the Court of Civil Appeals erred in failing to consider and sustain the points of error dealing with negligence and causation. Respondent says, in effect, that the failure to do so here requires us to affirm the judgment of the trial court no matter how erroneous it may be. That approach might save the Supreme Court some time, but it is also calculated to entrap the inexperienced appellate advocate. The attack in this Court is upon the judgment of the Court of Civil Appeals. That judgment rests squarely upon a single holding, which has been brought forward for review. When it is determined, as we have in this instance, that the conclusion reached by the intermediate court is unsound, it would certainly be proper to remand the cause to that

court for a ruling on the points of error not previously considered by it. Since these points present only law questions, however, we can and do dispose of them now instead of requiring the parties to go back to the Court of Civil Appeals and then possibly return here with a second application for writ of error. In our opinion the evidence raises issues of negligence and causation that can be resolved only by the trier of fact, and the trial court erred in granting respondents' motion for instructed verdict.

In Jecker v. Western Alliance Ins. Co., Tex.Sup., 369 S.W.2d 776, and Rogers v. Winters, 161 Tex. 451, 341 S.W.2d 417, the Court of Civil Appeals reversed and rendered judgment for the appellant. After concluding that the holding of the intermediate court on the question considered by it was unsound, we refused to pass on other points of the appellant in that court which might have entitled the appellant to a reversal and remand or modification of the trial court's judgment. It was reasoned that such complaints would, if sustained, result in an alteration of the judgment of the Court of Civil Appeals, and therefore could not be considered unless brought to this Court by crosspoint. These holdings of Jecker and Rogers are not consistent with the line of cases represented by Wood v. Kane Boiler Works, supra, and will not be followed in the future.

The judgments of the courts below are reversed, and the cause is remanded to the district court for a new trial.

## ON MOTION FOR REHEARING

SMITH, Justice (dissenting).

I respectfully dissent. The judgment of the trial court can and should be sustained on either of two procedural grounds.

In the trial of this cause the defendant Barber moved for an instructed verdict and asserted two *separate* and *independent* grounds in support of his motion. The trial court granted defendant's motion which, as

noted above, could be based on either of two grounds, hereafter referred to as Ground A and Ground B.

On appeal to the Court of Civil Appeals, plaintiff-appellant brought forward points of·error attacking *only* Ground B. He did not bring forward in his appellants' brief a point of error complaining of Ground A. This being so, the defendant-appellee pointed out in his brief before the Court of Civil Appeals that Ground A had not been challenged. Notwithstanding his failure to attack·Ground A in the Court of Civil Appeals, this court now holds that the plaintiff-appellant did not waive any complaint he may have had with respect to this independent ground which would support the trial court's judgment. In support of its holding, this court reasons as follows:

"In the introduction to his brief as appellee in the Court of Civil Appeals, respondent stated that he presumed petitioner was not contesting the motion for peremptory instruction on any grounds other than [Ground B]. By his Counterpoint No. 16 and the argument thereunder, however, respondent sought to uphold the instructed verdict on [Ground A]. Petitioner responded with an extended discussion of the question in his reply brief, and respondent then filed an additional. reply dealing only with that issue. The Court of Civil Appeals did not affirm on the theory that petitioner had waived the right to complain of any error on the part of the trial court in granting a peremptory instruction on [Ground A]. On the contrary, it considered [Ground A] on the merits, concluded that the position taken by respondent was sound, and accordingly affirmed the judgment of the trial court without considering [Ground B]. After a point of law has thus been briefed by all parties and decided by the Court of Civil Appeals, we think it should be treated as having been properly presented for decision at the intermediate court level even though not raised by a formal point of error in the appellant's brief."

The above quoted language, in its simplest terms, necessarily means that the appellant-petitioner has reaped a windfall due to the thoroughness of the appellee-respondent's attorney. While the appellee-respondent pointed out to the Court of Civil Appeals in his appellee's brief that there was an unchallenged, independent ground (Ground B) upon which the trial court judgment could rest, this should not supply for the *appellant-petitioner* a point of error which was not brought forward to that court.

The necessary result of this court's holding is that by arguing Ground A, in addition to showing it was unchallenged, the appellee-respondent lost the right to assert that the appellant-petitioner had waived any complaint as to that ground. On the other hand, had the appellee-respondent not pointed out this unchallenged, independent ground, there would have been nothing to bring the question before the Court of Civil Appeals. Inasmuch as the appellant-petitioner did not bring forward to the Court of Civil Appeals a point of error attacking Ground A, he has waived his right to complain of this independent ground upon which the trial court judgment could rest.

Next, assuming arguendo, that points of error challenging *both* grounds were properly before the Court of Civil Appeals, then the ultimate procedural question to be decided is: When a Court of Civil Appeals has *affirmed* a trial court judgment, does the *losing* party in the Court of Civil Appeals have a duty to challenge in his motion for rehearing and in his application for writ of error all independent grounds upon which the trial court judgment can rest? This responsibility should rest upon such a party; and if he does not challenge all independent grounds upon which the trial court judgment may rest, this court should affirm that judgment.

The Court of Civil Appeals held that the instructed verdict for appellee-respondent

could rest on Ground A. It did not mention nor make any holding as to Ground B.

Plaintiff-petitioner then filed his application for writ of error attacking the Court of Civil Appeals' holding that Ground A was sufficient to grant the defendant-respondent an instructed verdict. The plaintiff-petitioner did not assign as error, in his motion for rehearing or in his application for writ of error, the failure of the Court of Civil Appeals to consider and sustain his points challenging Ground B.

This court has held that the Court of Civil Appeals erred in sustaining the trial court's judgment on the basis of Ground A. The Court then goes further and holds that since the Court of Civil Appeals did not consider and pass on Ground B, it is proper for this court to examine the plaintiff-appellant's brief in that court and to sustain his points of error attacking Ground B, even though this leads to a *reversal* of the lower courts' judgments. In my opinion, the Court has erred in so considering the plaintiff's brief in the Court of Civil Appeals.

First, I recognize and fully agree with the well-settled rule that when a Court of Civil Appeals has *reversed* a trial court judgment and this court concludes that its holding is unsound, we will still examine the *prevailing party's* brief in the Court of Civil Appeals to determine whether its judgment can be *affirmed* on another ground, even though that other ground has not been considered by the Court of Civil Appeals. As stated by this court in Texas Employers Ins. Ass'n v. Kennedy, 135 Tex. 486, 143 S.W.2d 583 (1940):

> "when it is determined that the Court of Civil Appeals erred in basing its judgment on a particular ground, the Supreme Court is authorized to consider the briefs filed in that court, *not for the purpose of reversing its judgment,* but for the purpose only of determining whether, by considering other assignments therein, it could af-

firm such judgment." (Emphasis added.)

In Holland v. Nimitz, 111 Tex. 419, 232 S.W. 298, 239 S.W. 185 (1922), this court stated:

> " * * * it seems to be the definitely settled rule that the party who prevailed in the Court of Civil Appeals is entitled to have his assignments, which were properly presented in that court, considered by the Supreme Court in so far as may be necessary *to determine what judgment should have been rendered by the Court of Civil Appeals."* (Emphasis added.)

It has been said that the above statement "appears much too broad. What the court actually did in Holland v. Nimitz was to consider other assignments in the Court of Civil Appeals to see if the judgment of the Court of Civil Appeals *should be affirmed."* (Emphasis added.) See Calvert, Some Problems of Supreme Court Review, 21 Texas Bar Journal 75 (1958). I agree with the now Chief Justice Calvert's analysis of the Holland case and am in full accord with both it and the Kennedy decisions, supra. However, these cases did not present the problem we have here inasmuch as the Court has examined the brief of the *losing* party in the Court of Civil Appeals and sustained a point of error therein for the purpose of *reversing* rather than affirming the judgments of the lower courts.

The procedural question under discussion has never been directly passed on by this court. Clearly, the decision of Wood v. Kane Boiler Works, 150 Tex. 191, 238 S.W.2d 172 (1951), does not support the holding of this court in the present case. That was a suit for wrongful death in which the trial court rendered judgment on the verdict for the plaintiff. On appeal, the Court of Civil Appeals reversed and rendered such judgment, holding that the defendant had breached no duty to the deceased. This court granted plaintiff's application for writ of error and held that the

Court of Civil Appeals' holding was erroneous. It was then stated that:

"There were numerous points presented in the Court of Civil Appeals which were rendered immaterial under its conclusion and as to some of which this court has no jurisdiction, for example, excessiveness of the verdict. So we are obliged to remand the cause to that court to pass on all those points. Ritchie v. American Surety Co. of New York, 145 Tex. 422, 198 S.W.2d 85."

However, the points of error which the Court of Civil Appeals was to consider on the remand were *not* included in the parties' briefs filed in this court. As noted above, the Court cited the case of Ritchie v. American Surety Co. of New York, 145 Tex. 422, 198 S.W.2d 85 (1946), as authority for its action in the *Kane* case.

In Ritchie v. American Surety Co., supra, the trial court had rendered judgment on the verdict for the plaintiff. On appeal, the Court of Civil Appeals reversed the cause with instructions to grant the defendant's petition for removal to the federal court. This court, after holding that the cause was not removable to the federal court, stated:

"Having decided that the judgment of the court of civil appeals cannot be affirmed we have inspected the briefs filed by *respondent* as appellant in that court to determine what disposition should be made of the cause. Such inspection reveals that there is at least one assignment of error challenging the sufficiency of the evidence to support the finding of the jury in answer to a special issue. This court has no jurisdiction to determine that assignment and we therefore order that the judgment of the court of civil appeals be reversed and the cause remanded to that court for consideration by it of all assignments except those relating to the removal of the cause to the federal court." (Emphasis added.)

The parties' briefs in this court did not point out that there were other assignments of error which the Court of Civil Appeals should have considered.

Neither of the above cases held that it was proper for this court to examine the briefs of the *losing party* in the Court of Civil Appeals and sustain points of error presented there for the purpose of reversing the lower courts' judgments. Instead, this court examined the *prevailing parties'* briefs in the Court of Civil Appeals and picked up points which would entitle them to less relief than they were granted in that court.

The recent case of Rogers v. Winters, 161 Tex. 451, 341 S.W.2d 417 (1960), holds that this court cannot even look to the *prevailing parties'* brief in the Court of Civil Appeals as was done in the *Kane* and *Ritchie* cases. In Rogers v. Winters, supra, the plaintiff had obtained a judgment against the defendant. The defendant brought forward to the Court of Civil Appeals two points of error, one of which would entitle him to a reversal and rendition—the other to a reversal and remand. The intermediate court sustained the rendition point, and accordingly reversed and rendered. No consideration was given to the remand point. The plaintiff then appealed to this court, challenging the Court of Civil Appeals' holding on the rendition point, and we held that the Court of Civil Appeals had erred in sustaining this point.

Such holding would normally result in a reversal of the intermediate court's judgment and an affirmance of the trial court's judgment. However, the defendant contended that since he was the prevailing party in the Court of Civil Appeals, we should consider and sustain his remand point in that court. In refusing to so examine the defendant's brief in the Court of Civil Appeals, this court held as follows:

"He did have before the Court of Civil Appeals points of error which, if sustained, would result in a reversal of the trial court's judgment and a remand of the case to the trial court for re-trial or

for otherwise altering the judgment of the trial court, *but none of those points are brought forward as crosspoints in this court and they are, therefore, waived."* (Emphasis added.)

Thus, under the Rogers decision, a *prevailing party* in the Court of Civil Appeals must bring forward a crosspoint before this court can consider a contention he made in the intermediate court which, if sustained, would merely *alter* that court's judgment. On the other hand, the Court holds in the present case that the *losing party* in the Court of Civil Appeals does *not* have to bring forward a point of error before this court can consider a contention he made in the intermediate court which, if sustained, leads to a *reversal* and *rendition* of the judgment of he courts below. I fail to see why a petitioner, who seeks to *reverse* the lower courts' judgments, should be treated more favorably than a respondent who merely wants this court to *alter* the lower court's judgment.

Both the opinion of the Court, and this dissent, recognize that the procedural question at hand has never been directly passed on. However, the Court apparently feels that the decision of Wood v. Kane Boiler Works, supra, is authority for its present holding. In order to follow the Wood decision, the Court expressly overrules both the Rogers case, supra, and the latest expression on the subject in Jecker v. Western Alliance Insurance Company, Sup.Ct., 369 S.W.2d 776 (1963). As noted above, it is my opinion that even if this court follows the Wood decision, it is not authority for the present holding. However, if a disposition of the present case does compel our choosing between the Wood decision or the Rogers decision, I would follow the latter. The rationale of the Rogers case is sound and well reasoned, and necessarily leads to the conclusion that the Court has erred in its disposition of the procedural question at hand.

Furthermore, I am convinced that this court's disposition of the procedural question under discussion conflicts with the holding in City of Deer Park v. State ex rel. Shell Oil Co., 154 Tex. 174, 275 S.W.2d 77 (1954). Under the authority of that case, if a Court of Civil Appeals *overrules* two or more points of error and each ruling will independently support its judgment, the petitioner must bring forward to this court points of error challenging the ruling on each point. If he does not, this court will allow the judgment of the Court of Civil Appeals to stand without even investigating the merits of the points brought forward by the petitioner in his application. This is so because even if the points included in the application are meritorious, the intermediate court's judgment can be affirmed by that court's ruling to which no error had been assigned.

The court now by implication says that the *Deer Park* case is to be distinguished because in that case the intermediate court *expressly overruled* both points before it, whereas in the present case, the intermediate court did *not* pass upon both points before it. In my opinion, this is a distinction without a difference.

In the kind of situation here presented, where plaintiff-appellant initially had the appellate burden of establishing that both grounds for the instructed verdict were unsound, he is in precisely the same position when the Court of Civil Appeals *refuses* to decide one of his assignments as he would be if the intermediate court, as in the Deer Park case, had overruled it. In either event, he has not sustained his appellate burden, and there is no basis for holding that where the Court of Civil Appeals has *overruled* his assignment there, he must raise it here to have it reviewed, but that when the Court of Civil Appeals has not decided it (and hence has not sustained it), he is in effect relieved of his appellate burden on that point and may sit back confident that this court will review *and sustain it* without assignment of error.

In this kind of situation, the error, if error it be, originated in the trial court and

not in the Court of Civil Appeals. Plaintiff-appellant's burden in the Court of Civil Appeals was not merely to raise and present the point attacking Ground B. *His burden was to get the point sustained.* That he did not do; and there is no more basis in logic why he should be entitled to have this court review, without assignment of error, an essential point that the Court of Civil Appeals did not sustain than a point that the Court of Civil Appeals overruled.

It is elementary that the points of error to be relied upon by a party in this court *shall* be assigned as error in the motion for rehearing in the Court of Civil Appeals. Rule 469(c), Texas Rules of Civil Procedure. Furthermore, it has always been recognized that causes in this court *shall* be only upon the questions of law raised by points of error in the application for writ of error. Rule 476, Texas Rules of Civil Procedure.

I am in sympathetic understanding with the "inexperienced appellate advocate" who fails to properly preserve his assigments of error. However, I do not believe that our Rules of Civil Procedure are similarly inclined.

When a party has lost in the Court of Civil Appeals and applies to this court for relief, it is *not* this court's responsibility to investigate his briefs in the intermediate court in order to grant such relief. To the contrary, the above rules, as well as countless decisions, place the responsibility upon a party who petitions this court to reverse the lower courts' judgments to present in his motion for rehearing and his application for writ of error *all* questions which must be considered if he is to be granted the relief prayed for. In the present case this responsibility has not been met.

The judgments of the trial court and the Court of Civil Appeals should be affirmed.

GRIFFIN and HAMILTON, JJ., join in this dissent.