Gilleland v. Rizzo 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00717-CV






Ellis H. Gilleland, Appellant



v.



Joseph J. Rizzo, Acting Executive Director, Texas State Board of Veterinary


Medical Examiners; and Texas Veterinary Medical Association, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 93-09023, HONORABLE PETER M. LOWRY, JUDGE PRESIDING







PER CURIAM


 Appellant Ellis H. Gilleland sued appellee Joseph Rizzo, Acting Executive Director
of the Texas State Board of Veterinary Medical Examiners, to compel disclosure of complaint files
maintained by the Board. See Tex. Gov't Code Ann. §§ 552.001--.353 (West 1994 & Supp.
1995). Appellee Texas Veterinary Medical Association intervened on Rizzo's behalf. After
Gilleland presented his evidence to the jury, the trial court rendered an instructed verdict for
Rizzo and the Association. 

 Gilleland's appeal is one more in a series of cases he has brought against members
of the Texas State Board of Veterinary Medical Examiners. Rather than a pursuit of substantive
legal rights, Gilleland's suits appear calculated to advance his personal vendetta against the
Board's members. Having nevertheless considered his points of error and finding them without
merit, we will affirm the trial court's judgment.

 In points of error two, three, five, and six, Gilleland contests the trial court's grant
of an instructed verdict against him. The Association, joined by Rizzo, moved for an instructed
verdict after Gilleland presented his evidence to the jury and rested. As one of its grounds for
instructed verdict, the Association asserted that Gilleland's evidence failed to raise any factual
issue.

 An instructed verdict is proper when the evidence raises no material factual issue. 
Edlund v. Bounds, 842 S.W.2d 719, 724 (Tex. App.--Dallas 1992, writ denied). In reviewing an
instructed verdict granted on an evidentiary basis, this Court must determine whether any evidence
of probative force exists to raise factual issues on the material questions presented. We must
consider all the evidence in the light most favorable to the party against whom the verdict was
instructed, discarding all contrary evidence and inferences. Collora v. Navarro, 574 S.W.2d 65,
68 (Tex. 1978). If the record contains any conflicting evidence of probative force, a
determination of the issue is for the jury. White v. Southwestern Bell Tel. Co., 651 S.W.2d 260,
262 (Tex. 1983).

 Gilleland argues that controverted factual issues exist on his cause of action,
without citing us to the page of the record where any contested facts may be found. See Tex. R.
App. P. 74(f). We have nevertheless reviewed the evidence presented in this case. This evidence
shows that, on July 17 and 18, 1991, and on June 13 and 17, 1993, Gilleland requested access to
the Board's information files on each complaint filed with the Board since 1986 and access to
those completed complaint files existing since 1980. See The Veterinary Licensing Act, Tex.
Rev. Civ. Stat. Ann. art. 8890, § 18B(a) (West Supp. 1996) (requiring the Board to maintain
information files on each complaint filed with it). 

 The Open Records Act excepts from disclosure information "considered to be
confidential by law, either constitutional, statutory, or by judicial decision." Tex. Gov't Code
Ann. § 552.101 (West 1994). The Veterinary Licensing Act makes confidential "the investigation
files and records of the Board, including files and records relating to complaints found to be
groundless." Tex. Rev. Civ. Stat. Ann. art. 8890, § 9(d) (West Supp. 1996). The only question
presented at trial was whether the complaint files Gilleland sought constituted investigation files
and records of the Board. While Rizzo and the Association argue that complaint files and
investigation files are identical, Gilleland maintains that the two are distinct.

 In general, a question concerning the legal effect of a statute on the facts presented
is a question of law. Najarian v. David Taylor Cadillac, 705 S.W.2d 809, 811 (Tex.
App.--Houston [1st Dist.] 1986, no writ). In the specific context of the Open Records Act, the
supreme court has declared that the question whether information sought is public, and if so,
whether a statute expressly makes it confidential, is a question of law. A & T Consultants, Inc.
v. Sharp, 904 S.W.2d 668 (Tex. 1995). Because the only dispute to be resolved was the legal
effect of the Veterinary Licensing Act on Gilleland's requested information, specifically, whether
the complaint files he requested qualified as investigation files, we conclude that the only issue
to be resolved at trial was a question of law. No factual issue having been presented for the jury's
determination, the trial court correctly withdrew the case from the jury. 

 Gilleland argues in point of error two that, because the trial court had granted the
motion for instructed verdict, it erred by dismissing the jury rather than instructing it to render
a verdict. When the evidence produced before the jury entitles a party to a verdict as a matter of
law, the trial court may instruct the jury as to the verdict it must return or it may withdraw the
case from the jury and render judgment. Estate of Grimes v. Dorchester Gas Producing Co., 707
S.W.2d 196, 201 (Tex. App.--Amarillo 1986, writ ref'd n.r.e.). In the absence of any issue of
fact, the trial court could not have reversibly erred by discharging the jury and rendering
judgment for Rizzo and the Association rather than instructing the jury to render a judgment for
them. Clark v. Jones, 164 S.W.2d 62, 63 (Tex. Civ. App.--Eastland 1942, no writ). We
therefore overrule points two, three, five, and six.

 In point of error eight, Gilleland argues that the trial court denied him the right to
jury trial under the Texas Constitution. See Tex. Const. art. I, § 15. In point of error one,
Gilleland contends that the trial court misrepresented the truth when it stated twice, before
Gilleland presented his evidence, that a jury trial would occur. We have not found, nor has
Gilleland shown us, where in the record he presented these complaints to the trial court. Tex. R.
App. P. 52(a). Further, we note that a jury was selected, impaneled, and sworn, which would
seem to comport with the statement the trial court made. Because Gilleland has preserved nothing
for review, we overrule points one and eight.

 In points of error nine and ten, Gilleland asserts that, by instructing a verdict, the
trial court denied him his federal and state constitutional rights to due process. See U.S. Const.
amend. XIV; Tex. Const. art. I, § 19. Because Gilleland's evidence raised no factual issues for
the jury to decide, we determine that the trial court acted consistently with due process in
instructing a verdict against Gilleland. We overrule points nine and ten.

 In points of error eleven and twelve, Gilleland complains that the trial court failed
to file findings of fact and conclusions of law, despite his timely request. See Tex. R. Civ. P.
296. The trial court is not authorized to file findings and conclusions when it has withdrawn the
case from the jury. Ditto v. Ditto Invest. Co., 309 S.W.2d 219, 220 (Tex. 1958); Spiller v.
Spiller, 535 S.W.2d 683, 685 (Tex. Civ. App.--Tyler 1976, writ dism'd). Because findings and
conclusions were not proper in this case, we overrule points eleven and twelve.

 Gilleland argues in his fourth point of error that the trial court abused its discretion
in denying his motion to strike the Association's intervention in the suit. See Tex. R. Civ. P. 60. 
Under Rule 60, the Association had the right to intervene if it showed a legal or equitable interest
such that, had the action been brought against it, it would have been able to defeat recovery or
some part thereof. Guaranty Fed. Savs. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 657
(Tex. 1990); Rogers v. Searle, 533 S.W.2d 440, 442 (Tex. Civ. App.--Corpus Christi 1976, no
writ). Gilleland's motion to strike contains none of the arguments against intervention that he
advances on appeal. His failure to present his arguments to the trial court preserves nothing for
review. Tex. R. App. P. 52(a); Delley v. Unknown Stockholders of the Brotherly and Sisterly
Club of Christ, Inc., 509 S.W.2d 709, 717 (Tex. Civ. App.--Tyler 1974, writ ref'd n.r.e.). 

 In any event, we have reviewed the Association's petition in intervention and
determine that, as a professional trade group, the interests of the Association and its members in
the confidentiality of the Board's complaint files are sufficient to justify intervention. See Texas
Ass'n of Business v. Texas Air Control Bd., 852 S.W.2d 440, 447 (Tex. 1993); Guaranty Fed.
Savs. Bank, 793 S.W.2d at 657. We overrule point four.

 In points of error seven and thirteen, Gilleland complains that the trial court
erroneously applied the Open Records Act and the Veterinary Licensing Act retroactively. See
Tex. Gov't Code Ann. § 552.101 (West 1994); Tex. Rev. Civ. Stat. Ann. art. 8890, § 9(d) (West
Supp. 1995). The court recites in its judgment that, under the version of the Open Records Act
in effect on the date of the judgment, the Board is not legally obligated to produce the records at
issue. Gilleland argues that the trial court should have applied the previous version of section
552.101 of the Open Records Act, which was in effect when he requested the Board's records. 
See Act of April 24, 1991, 72d Leg., R.S., ch. 66, § 1, 1991 Tex. Gen. Laws 506, 507 (Tex.
Rev. Civ. Stat. Ann. art. 6252-17a, § 3(a)(1), since repealed and codified at Tex. Gov't Code
Ann. § 552.101 (West 1994)). 

 Gilleland's argument lacks merit because, in enacting section 552.101, the
legislature specified that it intended only to codify the existing statute, not to effect any substantive
change in the law. Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 47, 1993 Tex. Gen. Laws
986. The trial court correctly relied on the current version of the Open Records Act in rendering
judgment against Gilleland.

 Gilleland further argues that the trial court erroneously relied on article 8890,
section 9(d) of the Veterinary Licensing Act, as amended in 1993. See Tex. Rev. Civ. Stat. Ann.
art. 8890, § 9(d) (West Supp. 1995). In 1993, the legislature amended section 9(d) to add the
italicized words: "The investigation files and records of the Board, including files and records
relating to complaints found to be groundless, are confidential." See Act of May 10, 1993, 73d
Leg., R.S., ch. 287, § 13, 1993 Tex. Gen. Laws 1337, 1343.

 In moving for an instructed verdict, the Association argued that section 9(d), as it
existed before the 1993 amendment, governed Gilleland's request and protected the information
he sought. The Association argued alternatively that section 9(d), as it was amended in 1993,
governed and protected the information. The trial court did not state in its judgment the basis on
which it granted the instructed verdict. To reverse the court's judgment under these
circumstances, Gilleland must show this Court that the instructed verdict could not be supported
on either ground set out in the Association's motion. McKelvy v. Barber, 381 S.W.2d 59, 62
(Tex. 1964); Guynn v. Corpus Christi Bank & Trust, 589 S.W.2d 764, 770 (Tex. Civ.
App.--Corpus Christi 1979, writ dism'd). Gilleland has failed to challenge the ground based on
section 9(d) as it existed before the 1993 amendment. Having waived his right to question this
ground, Gilleland cannot obtain a reversal of the instructed verdict. McKelvy, 381 S.W.2d at 62;
Guynn, 589 S.W.2d at 770. We therefore overrule points seven and thirteen.

 Points of error fourteen through twenty concern original exhibits that Gilleland
wished to be made part of the appellate record. See Tex. R. App. P. 51(d), 55(b). In point of
error fourteen, Gilleland asserts globally that the trial court erred in failing to transmit to this
Court the exhibits that he requested. Because Gilleland does not specify which of the many
exhibits he requested are allegedly missing, we overrule point fourteen. See Tex. R. App. P.
74(f).

 Gilleland complains in his seventeenth and eighteenth points of error that original
exhibits from hearings held on March 11 and June 14, 1994, have not been included in the
appellate record. Because these exhibits were, in fact, transmitted to this Court, we overrule
points seventeen and eighteen.

 In his sixteenth and nineteenth points of error, Gilleland complains that original
exhibits from hearings held on January 4 and June 16, 1994, have not been transmitted to this
Court. Gilleland claims that the exhibits from the January 4 hearing are necessary to impeach
Rizzo's attorney and one of Rizzo's witnesses. He claims that the exhibits from the June 16
hearing are necessary "to impeach the veracity of the record and corrupt attorney 'officers of the
court.'" The issues allegedly raised by these exhibits are collateral to the merits of Gilleland's
suit, and Gilleland has not asserted any point of error to which the missing exhibits are pertinent. 
Because Gilleland has not shown how the absence of these exhibits harms him, we overrule points
sixteen and nineteen. Tex. R. App. P. 81(b)(1).

 In point of error fifteen, Gilleland charges that this Court erred in failing to order
the trial court to transmit the exhibits he requested. On April 26, 1995, this Court issued an order
directing the district clerk to transmit the original exhibits from hearings held on January 4 and
June 16, 1995. Although we have not received these exhibits, Gilleland has not shown how their
absence harms him. We therefore overrule point fifteen.

 In point of error twenty, Gilleland asserts that the errors claimed in points fourteen
through nineteen deprived him of due process. See U.S. Const. amend. XIV; Tex. Const. art.
I, § 19. Having found no merit to points fourteen to nineteen, we overrule point twenty.

 We affirm the judgment of the trial court.


Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: December 20, 1995

Do Not Publish



ee Act of April 24, 1991, 72d Leg., R.S., ch. 66, § 1, 1991 Tex. Gen. Laws 506, 507 (Tex.
Rev. Civ. Stat. Ann. art. 6252-17a, § 3(a)(1), since repealed and codified at Tex. Gov't Code
Ann. § 552.101 (West 1994)). 

 Gilleland's argument lacks merit because, in enacting section 552.101, the
legislature specified that it intended only to codify the existing statute, not to effect any substantive
change in the law. Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 47, 1993 Tex. Gen. Laws
986. The trial court correctly relied on the current version of the Open Records Act in rendering
judgment against Gilleland.

 Gilleland further argues that the trial court erroneously relied on article 8890,
section 9(d) of the Veterinary Licensing Act, as amended in 1993. See Tex. Rev. Civ. Stat. Ann.
art. 8890, § 9(d) (West Supp. 1995). In 1993, the legislature amended section 9(d) to add the
italicized words: "The investigation files and records of the Board, including files and records
relating to complaints found to be groundless, are confidential." See Act of May 10, 1993, 73d
Leg., R.S., ch. 287, § 13, 1993 Tex. Gen. Laws 1337, 1343.

 In moving for an instructed verdict, the Association argued that section 9(d), as it
existed before the 1993 amendment, governed Gilleland's request and protected the information
he sought. The Association argued alternatively that section 9(d), as it was amended in 1993,
governed and protected the information. The trial court did not state in its judgment the basis on
which it granted the instructed verdict. To reverse the court's judgment under these
circumstances, Gilleland must show this Court that the instructed verdict could not be supported
on either ground set out in the Association's motion. McKelvy v. Barber, 381 S.W.2d 59, 62
(Tex. 1964); Guynn v. Corpus Christi Bank & Trust, 589 S.W.2d 764, 770 (Tex. Civ.
App.--Corpus Christi 1979, writ dism'd). Gilleland has failed to challenge the ground based on
section 9(d) as it existed before the 1993 amendment. Having waived his right to question this
ground, Gilleland cannot obtain a reversal of the instructed verdict. McKelvy, 381 S.W.2d at 62;
Guynn, 589 S.W.2d at 770. We therefore overrule points seven and thirteen.

 Points of error fourteen through twenty concern original exhibits that Gilleland
wished to be made part of the appellate record. See Tex. R. App. P. 51(d), 55(b). In point of
error fourteen, Gilleland asserts globally that the trial court erred in failing to transmit to this
Court the exhibits that he requested. Because Gilleland does not specify which of the many
exhibits he requested are allegedly missing, we overrule point fourteen. See Tex. R. App. P.
74(f).

 Gilleland complains in his seventeenth and eighteenth points of error that original
exhibits from hearings held on March 11 and June 14, 1994, have not been included in the
appellate record. Because these exhibits were, in fact, transmitted to this Court, we overrule
points seventeen and eighteen.

 In his sixteenth and nineteenth points of error, Gilleland complains that original
exhibits from hearings held on January 4 and June 16, 1994, have not been transmitted to this
Court. Gilleland claims that the exhibits from the January 4 hearing are necessary to impeach
Rizzo's attorney and one of Rizzo's witnesses. He claims that the exhibits from the June 16
hearing are necessary "to impeach the veracity of the record and corrupt attorney 'officers of the
court.'" The issues allegedly raised by these exhibits are collateral to the merits of Gille