ACCEPTED
12-15-00087-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
10/26/2015 4:23:27 PM
Pam Estes
CLERK

# WILSON, ROBERTSON & CORNELIUS, P.C.
## ATTORNEYS & COUNSELORS

MATTHEW T. MILAM
mmilam@wilsonlawfirm.com

October 26, 2015

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

10/26/2015 4:23:27 PM

PAM ESTES
Clerk

Chief Justice James T. Worthen
Justice Brian Hoyle
Justice Greg Neeley
Twelfth Court of Appeals
1517 West Front Street, Suite 354
Tyler, Texas 75702

Re:    Case Number: 12-15-00087-CV
       Trial Court Case Number: 369-09
       Style: EXCO Operating Company, LP v. Mary K. McGee
       In the Twelfth Court of Appeals, Tyler, Texas

Dear Justices Worthen, Hoyle, and Neely:

EXCO Operating Company, LP, ("EXCO") submits this citation letter in accordance with this Court's request at oral argument on October 22, 2015.   At such argument, counsel for EXCO represented that this Court could consider the issue of whether Tex. Civ. Prac. & Rem. Code § 38.001 permits Appellee, Mary K. McGee, to recover attorneys' fees against a limited partnership, such as EXCO, because, although not addressed in EXCO's original brief, such issue was briefed by EXCO in its reply and supplemental brief and by Appellee in her sur-reply brief.  As requested, EXCO provides the following authority to the Court.

In *McKelvy v. Barber*, 381 S.W.2d 59 (Tex. 1964), the Texas Supreme Court addressed whether the petitioner had waived his complaint as to an instructed verdict on statutory immunity grounds since it was not raised in his brief.  The Court noted that at the intermediate appellate court level, respondent sought to uphold the instructed verdict on the statutory immunity ground urged in the trial court.  *Id*. at 62.  Petitioner responded with an extended discussion of the issue in his reply brief. *Id*.  Respondent then filed an additional reply dealing only with that issue.  *Id*. The Court of Civil Appeals considered the question on the merits and affirmed the judgment. *Id*. The Texas Supreme Court, in addressing whether the issue had been waived because it had not been presented in the petitioner's original brief, held:

> After a point of law has thus been briefed by all parties and decided by the Court of Civil Appeals, we think it should be treated as having been properly presented for decision at the intermediate court level even though not raised by a formal point of error in appellant's brief.
> *Id.*

Other Texas courts have followed this approach.  See *Carone v. Retamco Operating, Inc.*, 138 S.W.3d 1, 7 (Tex. App.–San Antonio 2004, pet. denied) (considering appellate issue of whether trial court erred in denying special appearance on the basis that the special appearance was waived, even

909 ESE Loop 323 ⬧ Suite 400 ⬧ Tyler, Texas ⬧ 75701 ⬥ P. O. Box 7339 ⬧ Tyler, Texas ⬧ 75711-7339
(903) 509-5000 Telephone ⬧ (903) 509-5091 Telefax

though appellant only raised issue in his reply brief); *Hutchinson v. Pharris*, 158 S.W.3d 554, 564 (Tex. App.–Fort Worth 2005, no pet.) ("Ordinarily, an issue raised for the first time on appeal in a reply brief is waived. However, the parties joined issue when Murray & Massie fully argued the evidence supporting the negative finding to proximate cause in its response brief and Appellants replied. Therefore, we will consider and address the issue as properly before us.")

In this instance EXCO first raised the issue of whether Tex. Civ. Prac. & Rem. Code § 38.001 permits Appellee to recover attorneys' fees against a limited partnership, such as EXCO, in its reply brief. EXCO then sought, and was granted, leave to file a supplemental brief dealing solely with this question of law. Appellee subsequently requested and was granted leave to file a sur-reply brief. In its sur-reply brief, Appellee fully addressed this legal issue. Accordingly, this issue has been briefed by both parties and may properly be considered by this Court.

Very truly yours,

*/s/ Matthew T. Milam*

MATTHEW T. MILAM

MTM/wh

cc:     John D. Sloan, Jr. (Via email to jsloan@sloanlaw.com)
Justin Smith  (Via email to jsmith@sloanfirm.com)
SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM
P.O. Drawer 2909
Longview, Texas 75606