**Wallace CARRICO, Appellant,**

v.

**STOP–N–GO MARKETS OF TEXAS, INC.,**
**Appellee.**

**No. 15159.**

Court of Civil Appeals of Texas,
San Antonio.

March 14, 1973.

Evans & Marshall, Frank Y. Hill, Jr., San Antonio, for appellant.

Groce, Locke & Hebdon, Damon Ball, San Antonio, for appellee.

CADENA, Justice.

Appellant, Wallace Carrico, plaintiff below, here asserts the trial court erred in granting the motion of defendant, Stop-N-Go Markets of Texas, Inc., for an instructed verdict.

Plaintiff sued to recover for personal injuries allegedly suffered by him when he slipped and fell on defendant's premises. At the conclusion of plaintiff's testimony, defendant moved for instructed verdict on the following grounds: (1) There was no evidence showing that the condition of defendant's premises created an unreasonable risk. (2) There was no evidence that defendant or any of its agents or employees knew of the existence of the dangerous condition. (3) There is no evidence that defendant's servants, by the exercise of reasonable care, could have discovered the dangerous condition. (4) There is no evidence that defendant or any of its servants could have anticipated that plaintiff or any other invitee would not have discovered the dangerous conditions of the premises. (5) There is no evidence showing that the dangerous condition was not open and obvious. (6) If there was a dangerous condition, plaintiff knew of such condition, appreciated the danger, and voluntarily encountered it.

The judgment merely recites that the motion for instructed verdict was granted, without specifying the ground or grounds upon which the court relied in withdrawing the case from the jury and rendering judgment for defendant.

Plaintiff here presents but a single point of error, alleging that the trial court erred in withdrawing the case from the jury since the condition which caused plaintiff to fall was not open and obvious to plaintiff or to the ordinary prudent person.

■ Plaintiff thus here challenges only the sufficiency of the fifth ground in defendant's motion for instructed verdict. He presents no points asserting that the grant-

ing of the motion cannot be justified on any one of the other five grounds contained in the motion. Where a motion for instructed verdict has been granted, the aggrieved party, in order to obtain relief in this Court, has the burden of establishing that the peremptory instruction cannot be supported on any of the grounds set forth in the motion for instructed verdict. McKelvy v. Barber, 381 S.W.2d 59 (Tex. 1964).

It would serve no useful purpose to discuss the evidence relating to the issue of "open and obvious." Even if we sustained plaintiff's point relating to that one issue, plaintiff has not met his appellate burden of establishing that the peremptory instruction was not properly based on one or more of the other five grounds.

The judgment of the trial court is affirmed.