Walter WOODRUM et al., Appellants,

v.

Joe R. LONG, Appellee.

No. 12275.

Court of Civil Appeals of Texas, Austin.

Sept. 10, 1975.

W. L. Burke, Jr., Robinson, Hanna, Burke & Moore, Inc., Abilene, for appellants.

Gary Evatt, Joseph P. Webber, Long & Evatt, Austin, for appellee.

O'QUINN, Justice.

Walter Woodrum and others, who are appellants, brought this suit in April of 1973 seeking to recover $31,000 from Joe R. Long and others on an oral contract alleged to have been made in connection with partial settlement of another lawsuit tried in May of 1972.[1]

In the trial of this case, in June of 1974, a jury returned a verdict favorable to Long in

1. Appellants who were plaintiffs below are Walter Woodrum, W. L. Burke, Jr., and the law firm of Robinson, Hanna & Burke, a partnership. Original defendants were Jack [*sic*] Jacobsen, Joe Long, and Arthur Mitchell. Appellants later took a nonsuit as to Jake Jacobsen and by stipulation agreed that Mitchell had no liability for $15,000 "check or cash immediate payment" and liability only "as a secondary guarantor behind Joe Long on the $16,000.00 note." The remaining defendant, Joe R. Long, is the sole appellee on appeal.

part and in part favorable to appellants. Following various motions, for judgment in disregard of jury findings and later to set aside an early judgment entered in the case, the trial court by judgment entered in November of 1974 decreed finally that appellants take nothing by their suit against Long.

Antecedent litigation, from which this case stems, began with a suit instituted by Walter Woodrum against Ray Cowan and Jake Jacobsen in connection with a bank stock transaction in 1965 between the parties in Abilene, Texas, a case later considered by this Court in *Woodrum v. Cowan,* 468 S.W.2d 592, partially remanded, in which the Supreme Court subsequently directed a full remand, 472 S.W.2d 749. On remand of that cause to district court, trial of Woodrum's claim against Cowan and Jacobsen began in May of 1972, during which settlement with Jacobsen developed, and out of the events that followed this suit ripened.

This suit is product of a brief telephone conversation which took place around 2 o'clock on the afternoon of May 9, 1972, when Woodrum's suit against Cowan and Jacobsen was in its ninth day of trial and efforts were being made by counsel for both sides to reach an agreement in settlement of Jacobsen's accountability in the case. Jacobsen's attorney, Arthur Mitchell, and Woodrum's counsel, J. M. "Mike" Lee and W. L. "Dub" Burke, worked out an agreement that Jacobsen would pay Woodrum $31,000 and Woodrum would "enter a motion and obtain an order of non-suit" against Jacobsen and "covenant not to further sue" Jacobsen on matters giving rise to the lawsuit.

Payment of the $31,000 was to be $15,000 by cash and $16,000 by note. At this point in negotiations a suggestion was made that Joe R. Long, then a law partner with Jacobsen, be asked whether he would agree to become a guarantor on Jacobsen's note for $16,000 to give assurance the note would be paid. It was then that the telephone call to Long at his law office was made from the courthouse where negotiations were being conducted. It is not clear which of the negotiators placed the call, but after Long was reached, Mitchell outlined the settlement agreement to Long and informed him appellants wanted Long's guaranty on the note. Mitchell handed the telephone to one of Woodrum's attorneys who talked briefly, less than one minute, to Long, and the call to Long thereafter came to an end.

Witnesses at the trial of the case now on appeal were not in agreement as to whether Long agreed to become a guarantor for Jacobsen. Long testified that he did not agree to guarantee the note, but told Mitchell that he would "have to think about it." Mitchell testified that he simply explained the proposed settlement to Long and did not ask him to guarantee the note because Mitchell felt it improper for him to request guaranty of Long. Woodrum's counsel testified he assumed Mitchell had obtained Long's consent, and Mitchell testified he assumed counsel for Woodrum had obtained Long's agreement to guarantee the note. Woodrum's counsel believed Long understood the proposal and indicated his assent to be a guarantor.

Appellants bring three points of error. The first challenges the trial court's action in granting Long's motion for judgment and in disregarding the jury's answers to three special issues with respect to the note, under which the jury found that Long made an agreement, that he intended to accept primary responsibility, and that the agreement was in consideration that Jacobsen be dismissed from the suit. By its answers to special issues, the jury absolved Long of liability for payment of the $15,000 in cash, but appellants contend that Long's responsibility as to the proposed note for $16,000 was a primary obligation, jointly with Jacobsen, and is enforceable as a matter of law.

Under the second point appellants urge that such action was improper "for the reason that there is ample evidence of a legally sufficient nature to support such findings

of the jury as necessary under the 'main purpose' doctrine." The third point is that it was error to grant judgment not withstanding the verdict because "the doctrine of promissory estoppel is applicable."

Appellee presents eight counterpoints on appeal and six crosspoints. Under the first three counterpoints appellee urges that appellants have failed to assume the burden on appeal of establishing that the trial court's judgment notwithstanding the jury's findings on certain special issues cannot be supported on any grounds relied on in appellee's motion for judgment. Appellee contends that the trial court's act of sustaining the specified complaints set forth in the motion for judgment, by the very language of the complaints, constitutes independent grounds for affirming the judgment, and that by failing to assert on appeal, by point of error or by argument, that the trial court erred in making such holdings, appellants have waived their right to question any of these grounds for affirmance.

In his motion for judgment notwithstanding the jury's findings with respect to the proposed note for $16,000 appellee complained, in Paragraph XI of the motion, as follows:

"The evidence establishes, as a matter of law, that there was no enforceable, contractual agreement between Defendant, Joe R. Long, and Plaintiffs, or any of them, with respect to a $16,000 note or guaranty thereof in that there was no agreement on the essential terms of the guaranty or of the alleged $16,000 note. Specifically, the evidence establishes, as a matter of law, that there was never any contractual agreement made with respect to interest rate, date of maturity, method of payment (installment or lump sum), place of payment, acceleration or non-acceleration of maturity, or upon any other term (except alleged principal amount), whether similar or dissimilar to those specifically named."

On appeal, under Counterpoint One, appellee asserts that the trial court held that "the evidence establishes, as a matter of law, that there was no enforceable, contractual agreement . . . with respect to the . . . note or guaranty thereof in that there was no agreement as to the essential terms of" the guaranty or the note, and that this holding of the trial court "constitutes a separate and independent ground for affirming the judgment . ." Specifically, appellee contends under Counterpoint One that "Appellants have failed to assert, by point of error or by argument, that the trial court erred in making said holding, and appellants have, therefore, waived any complaint as to said holding."

In this contention appellee relies on the rule stated by the Supreme Court in *McKelvy v. Barber,* 381 S.W.2d 59, 62 (Tex.Sup. 1964): "The judgment of the trial court merely recites that specific grounds were set forth in the motion for instructed verdict, and that the court was of the opinion that the motion was well taken and should be granted. To reverse the judgment of the trial court under these circumstances, it was necessary for petitioner to assume the appellate burden of establishing that the peremptory instruction cannot be supported on either of the grounds set out in the motion. If he has waived the right to question either of such grounds or if either is sound, the judgment of the trial court must be affirmed."

In the final judgment entered November 13, 1974, the trial court stated, in pertinent part, "The Court further finds that the complaints urged in paragraphs . . . XI [among others] of the Motion . . . for Judgment in Disregard of the Findings of Jury on Certain Special Issues and, in the Alternative, Notwithstanding the Verdict of the Jury, should be and are hereby sustained and that . . . [appellee] is entitled to a judgment, with respect to the $16,000 claim . . . that Plaintiffs [appellants] take nothing, notwithstanding the findings of the jury in response to" the certain special issues.

Under Counterpoints Two and Three appellee again invokes the doctrine of *McKelvy v. Barber, supra,* as applicable to complaints made in paragraphs IX and XII of appellee's motion for judgment, which the trial court also sustained and found as a basis for judgment that plaintiffs below take nothing notwithstanding the findings of the jury.

Under paragraph IX appellee complained that "the evidence establishes, as a matter of law, that the cause of action of Plaintiffs as to the . . . note or guaranty thereof was based upon an alleged oral agreement not to be performed within one year . . . and that neither such agreement nor a memorandum thereof is in writing and signed" by appellee. Appellee complained that the alleged agreement was unenforceable as a matter of law under the statute of frauds (Sec. 26.01(a) and (b)(1) of the Texas Business and Commerce Code).

Under paragraph XII appellee complained in the motion for judgment that the evidence established as a matter of law that plaintiffs below contemplated that the note or guaranty "would be reduced to writing and that . . . Plaintiffs nor any agent . . . presented any written guaranty or note to . . . [appellee] for his consideration and/or execution within a reasonable period of time, thereby relieving . . . [appellee] as a matter of law, of any alleged liability for the nonpayment of the $16,000 note or the debt represented thereby or the failure to execute a written guaranty of a non-existent note."

We agree with appellee that nowhere in their brief do appellants, by point of error or by argument, complain of the trial court's action in sustaining paragraphs XI, IX, and XII of appellee's motion for judgment, in concluding that appellee was entitled to judgment with respect to the claim for $16,000, and in ordering that appellants, as plaintiffs below, take nothing, "notwithstanding the findings of the jury in response to Special Issues 5, 6, 7 and 8."

After stating the doctrine here relied on by appellee, the Supreme Court in *McKelvy* established an exception, found in this language: "After a point of law has thus been briefed by all parties and decided by the Court of Civil Appeals, we think it should be treated as having been properly presented for decision at the intermediate court level even though not raised by a formal point of error in the appellant's brief." (381 S.W.2d 62, col. 2).

No basis for the exception exists in this appeal, as neither appellants nor appellee present any argument or point of error concerning the merit of the trial court's holding or the court's action in sustaining paragraphs XI, IX, or XII of appellee's motion for judgment. In this case appellee presented a motion for judgment notwithstanding the jury's findings which contained several separate and independent grounds, including the grounds specified in paragraphs XI, IX, and XII. The grounds set out in those paragraphs were specifically sustained by the trial court's judgment and upon such findings the court decreed that appellants take nothing by their suit as to the claim for $16,000 against appellee. Appellants have failed, either by point of error or by argument in their brief, to complain of the trial court's action in sustaining these independent grounds for affirmance. Appellee has in no manner discussed or argued the merits of the trial court's holding as to these grounds.

█ Under the doctrine of *McKelvy* appellants had the burden on appeal to establish that the judgment notwithstanding the verdict cannot be supported on any of the grounds set out in the motion for judgment. *Whatley v. K-Mart Discount Stores,* 451 S.W.2d 568, 570 (Tex.Civ.App. Houston (1st Dist.) 1970, writ ref. n. r. e.). In failing to meet this burden appellants have waived any right to complain of the trial court's action in sustaining the independent grounds asserted in the motion for judgment. *McKelvy v. Barber, supra; Bishop v. Allied Finance Company,* 483 S.W.2d 46, 49 (Tex.Civ.App. Dallas 1972, no writ); *Carrico*

*v. Stop-N-Go Markets of Texas, Inc.,* 492 S.W.2d 383, 384 (Tex.Civ.App. San Antonio 1973, no writ).

The judgment of the trial court is affirmed.