**Gaston TEMPLE, Appellant,**

v.

**John DULL, et al., Appellee.**

**No. B2953.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 13, 1982.

Rehearing Denied June 24, 1982.

Charles R. Dendy, Lufkin, for appellant.

Stephen J. Cavanaugh, Bellaire, for appellee.

Before MURPHY, ROBERTSON and PRICE, JJ.

SAM ROBERTSON, Justice.

Gaston Temple, one of three individuals and two corporate defendants in the court below, brings this appeal from a judgment in favor of appellee for $33,500.00 plus attorney fees and interest, the amount found by the jury to have been due under a contract to pay a real estate commission. We affirm.

In his only point of error, appellant contends "[t]here is no evidence that Defendant, Gaston Temple, executed a contract enforceable under Art. 6573(a), Tex.Rev. Civ.Stat.Ann." Even assuming this point directs our attention to the error relied on, pursuant to Tex.R.Civ.P. 418(d) and 422, the state of the record before us proscribes our review.

This was evidently a suit on the contract complained of above as unenforceable, and both appellant and appellee present arguments in regard to the sufficiency of the property description embodied therein. Appellant contends his complaint that the property description is insufficient to satisfy the statute of frauds was "brought before the trial court by Motion for Instructed Verdict, which was denied." Nevertheless, neither the contract itself nor the above motion appears in the record before us.

One seeking review has a duty to provide the appellate court with a record which includes whatever is material to his appeal. *Fenton v. Wade,* 303 S.W.2d 816, 817 (Tex.Civ.App.—Fort Worth 1957, ref'd n.r.e.). We cannot review the terms of a contract which is not before us. *Red River Cattle Co. of Texas v. Sully,* 144 U.S. 209,

12 S.Ct. 809, 36 L.Ed. 407; *Cowart v. Walter Connally & Co.,* 108 S.W. 973 (Tex.Civ. App.1908, no writ). Appellant's sole point of error is overruled.

By cross point, appellee contends the trial court erred in refusing to submit issues to the jury regarding the liability of co-defendants against whom a take nothing judgment was entered, claiming there was evidence that they ratified the actions of Gaston Temple.

■ Special issues must be supported by pleadings and evidence. Tex.R.Civ.P. 279; *Hodges v. Nix,* 225 S.W.2d 576 (Tex.Civ. App.—Galveston 1949, writ ref'd n.r.e.). The only pleading of appellee in the record before us is Plaintiff's Second Amended Original Petition which incorporates by reference his earlier pleadings and alleges that John Dull was a duly licensed real estate broker and James O'Day was a licensed real estate salesman. Without the earlier pleadings, we are unable to determine whether the issue of ratification was ever raised, and, accordingly overrule appellee's cross point.

The judgment is affirmed.