Marion MONK and the City of
Dallas, Appellants,

v.

DALLAS BRAKE & CLUTCH
SERVICE CO., INC.,
Appellee.

No. 05–84–00788–CV

Court of Appeals of Texas,
Dallas.

Sept. 6, 1985.

Rehearing Denied Oct. 10, 1985.

Randall R. Moore, Law Office of Windle Turley, P.C., Douglas H. Conner, Asst. City Atty., Dallas, for appellants.

Porter Johnston, Touchstone, Bernays, Johnston, Beall & Smith, Dallas, for appellee.

Before SPARLING, ALLEN and MALONEY, JJ.

SPARLING, Justice.

Appellants Marion Monk, Devin Monk, Bradley Snyder and Kelley Snyder (plaintiffs) sued appellant City of Dallas and appellee Dallas Brake & Clutch Service Co. for damages arising from an automobile accident that injured Devin, Bradley and Kelley and Killed Nancy Monk, wife of Marion and mother of Devin. The City and Dallas Brake & Clutch filed cross-claims against each other for indemnity and contribution.

Prior to trial the plaintiffs settled with the City for $100,000, but the City remained a party to the suit because of the cross-actions and settlement agreement. The jury found Brake & Clutch 100 percent liable for the damages it awarded to the plaintiffs. However, the trial court sustained a motion by Brake & Clutch for judgment notwithstanding the verdict and entered take-nothing judgments in all actions.[1] On appeal, only the judgment n.o.v. against the plaintiffs is challenged. We affirm.

THE CITY'S STANDING TO APPEAL

The City does not appeal the adverse judgment in its cross-action against Brake & Clutch. Instead, the City on appeal asks only that we "reinstate judgment for plaintiffs." Since the City seeks affirmative relief for the plaintiffs and not for itself, we address first Brake & Clutch's cross-point challenging the City's standing to pursue its appeal. For the following reasons, we sustain this cross-point and hold that the City has no standing to appeal on behalf of the plaintiffs.

The City claims it has standing to assert this appeal under a "Mutual Guarantee Settlement Agreement" between the City and the plaintiffs which grants the City a financial interest in the plaintiffs' recovery from Brake & Clutch. However, the so-called "Mutual Guarantee Settlement Agreement" is not in the record. The record does contain a document entitled "Final Release and Settlement Agreement between Plaintiffs and Defendant City of Dallas" which contains references to another document called the "Agreement of Mutual Guarantee"; however, the record contains no document of the latter title. The "Final Release and Settlement Agreement" does

1. Bendix Corp., also a defendant at trial, was fully exonerated by the jury, and the trial court, in its judgment n.o.v., ordered that plaintiffs take nothing from Bendix. Bendix is not involved in this appeal.

not purport to give the City any right to appeal on behalf of the plaintiffs and contains no assignment of any part of the plaintiffs' cause of action. Of the missing agreement, only "a portion of Paragraph 4" is before us. This portion of the absent agreement between the plaintiffs and the City concerns the plaintiffs' promise to hold the City harmless for any payments or liability beyond an amount "not to be disclosed to the jury" and provides that "any recovery by way of judgment against any of the other Defendants shall be reimbursed back to the City of Dallas to the extent ... of a specified percentage ... received until the full amount guaranteed and paid by the City to the Plaintiff shall have been repaid to the City."

■ Although we recognize that all or part of a plaintiff's cause of action may be assigned, *Unitrust, Inc. v. Jet Fleet Corp.*, 673 S.W.2d 619, 621 (Tex.App.—Dallas 1984, no writ), nothing in the record before us purports to assign any of the plaintiffs' cause of action to the City and the City does not assert the existence of any express assignment.[2] Instead, the City states in its brief that "the essence of its appeal is an action against Brake & Clutch for contribution."

■ As we noted at the outset, the City has not appealed the adverse judgment in its cross-action against Brake & Clutch for contribution. Moreover, we question whether the City could have prevailed in an appeal of that cross-action judgment because the City has no right to contribution in this case according to *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984). Issues were submitted to the jury on the percentage of the City's liability and the jury assessed no liability against the City. As the supreme court stated in *Bonniwell:* "Contribution is available only to a joint tortfeasor." 663 S.W.2d at 818. In assessing no liability against the City,

---

2. Although the City does not expressly claim that it has been assigned any or all of the plaintiffs' cause of action, it does claim that it derives its right to appeal from the missing agreement. Without reviewing the agreement, we cannot pass on this contention. We point out that "[o]ne seeking review has a duty to provide the appellate court with a record which includes whatever is material to his appeal." *Temple v. Dull*, 640 S.W.2d 639 (Tex.App.—Houston [14th Dist.] 1982, no writ); *accord Elkins v. Auto Recovery Bureau*, 649 S.W.2d 73, 76 (Tex.App.—Dallas 1982, writ ref'd n.r.e.).

We note also that in the absence of an express assignment of rights, the doctrine of subrogation may sometimes be invoked to allow one party to assert the rights of another. Nevertheless, the doctrine of subrogation does not provide the City standing to assert its appeal in this case. First, neither here nor at any earlier stage of these proceedings has the City claimed the right to be subrogated to any part of the plaintiffs' cause of action. However, to be available, subrogation must be pleaded by the person claiming it. *Downing v. Jeffrey*, 173 S.W.2d 241, 246 (Tex.Civ.App.—Galveston 1943, writ ref'd w.o.m.); *see also Bradley v. Freeman*, 163 S.W.2d 693, 695 (Tex.Civ.App.—Amarillo 1942, no writ). Second, the doctrine of subrogation is available when "one person, *not acting voluntarily*, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter." *McBroome-Bennett Plumbing, Inc. v. Villa France, Inc.*, 515 S.W.2d 32, 36 (Tex.Civ.

App.—Dallas 1974, writ ref'd n.r.e.); *Forney v. Jorrie*, 511 S.W.2d 379, 386 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.) (emphasis added). Although the City can be characterized as having paid the debt of another since it was found not liable by the jury after settling with and paying the plaintiffs, the City cannot be characterized as having acted *involuntarily* in settling with the plaintiffs. The law has always favored the resolution of controversies through settlement. *Hernandez v. Tesses*, 663 S.W.2d 91, 93 (Tex.App.—El Paso 1983, no writ). Nothing in the record suggests that the settlement agreement between the City and the plaintiffs was not voluntary. To the contrary, the language in the Final Release and Settlement Agreement itself places the City in the position of voluntary payor: "While denying liability for Plaintiffs' damages, Defendant City of Dallas recognizes ... the tremendous and irreplaceable loss sustained by Marion Monk and his son, caused by the wrongful death of Nancy Monk, and injuries incurred by Bradley Snyder and Kelley Snyder ...." No challenge has been lodged at the regularity of this agreement, which was properly executed by the parties and attorneys and signed by the trial judge; thus we presume it to be the voluntary agreement of the parties. "The doctrine of subrogation ... does not apply in favor of a party who voluntarily surrenders [its] rights or makes a voluntary election ...." *Pinkston v. Pinkston*, 266 S.W.2d 515, 518 (Tex.Civ.App.—Waco 1954, writ ref'd n.r.e.). For these reasons we conclude that the City has no standing based on subrogation.

the jury found that the City is not a joint tortfeasor. Further, the trial court rendered judgment for the City "in accordance with the verdict of the jury, and the Final Release and Settlement Agreement between Plaintiffs and the City of Dallas," in which agreement the City also denies liability for the plaintiffs' damages.

■ In sum, even though the City has not appealed the adverse judgment in its cross-action against Brake & Clutch, the City now asserts that its appeal is in "essence ... an action against Brake & Clutch for contribution." Further, under *Bonniwell*, since the City is not a joint tortfeasor, it has no right to obtain contribution from Brake & Clutch. Thus, by phrasing its appeal as a request for relief for the plaintiffs rather than for itself, the City apparently seeks from us a result it could not achieve through an appeal asserting its own rights. We decline to allow the City a result in contravention of the express policy of our supreme court and hold instead that the City cannot base its standing to appeal on a non-existent right to contribution.

Accordingly, we hold that the City has no standing to assert its appeal on behalf of the plaintiffs and thus we do not consider its points of error.

### THE PLAINTIFFS' APPEAL

The plaintiffs assert one point of error on appeal, in which they claim that the "reason given" by the trial court for granting judgment n.o.v. "is, as a matter of law, insufficient to support a judgment notwithstanding the verdict." According to the plaintiffs, the "reasons given" by the trial court was that the "jury verdict was against the great weight and preponderance of the evidence." However, the judgment contains no reason why the trial court granted judgment n.o.v. In pertinent part, the judgment states that after Brake & Clutch filed its motion for judgment n.o.v. and reasonable notice was given to all parties, "the court duly heard and considered

the motion, the pleadings, the evidence, and argument of counsel, and is of the opinion that the motion should be granted, and that judgment should be rendered for defendant Dallas Brake & Clutch Service Company, Inc. Non-Obstante Veredicto."

Apparently, the plaintiffs do not contend that the purported "reason given" by the trial court for rendering judgment n.o.v. is contained in the judgment because they cite us to language in a letter written by the trial court which they have attached to their brief. Regardless of any letter, we decline to infer statements or reasoning into the judgment.

■ Brake & Clutch's motion for judgment n.o.v. contains fifteen grounds upon which judgment n.o.v. should be granted. However, the trial court judgment states no reason why judgment n.o.v. was granted. The rule in this situation is settled: "Since the trial court sustained the motion for judgment n.o.v. without limitation to any particular ground, we presume that each of the grounds specified in the motion is an independent, alternative basis for the court's take-nothing judgment." *Smith v. Texas Improvement Co.*, 570 S.W.2d 90, 92 (Tex.Civ.App.—Dallas 1978, no wirt), *citing McKelvy v. Barber*, 381 S.W.2d 59, 62 (Tex. 1964). and *McAx Sign Co. v. Royal Coach, Inc.*, 547 S.W.2d 368, 369 (Tex.Civ.App.—Dallas 1977, no writ). Although *McKelvy* and *McAx* involved instructed (directed) verdicts rather than judgments n.o.v., a motion for judgment n.o.v. is appropriate when a directed verdict would have been proper, TEX.R.CIV.P. 301 (Vernon 1977); thus these cases apply equally to our review.

In *McKelvy*, the motion for instructed verdict contained only two grounds and the trial court judgment merely recited that specific grounds were set forth in the motion and that the trial court "was of the opinion that the motion was well taken and should be granted." 381 S.W.2d at 62. The supreme court stated:

To reverse the judgment of the trial court under these circumstances, it was necessary for petitioner to assume the appellate burden of establishing that the [instructed verdict] cannot be supported on either of the grounds set out in the motion. If he has waived the right to question either of such grounds or if either is sound, the judgment of the trial court must be affirmed.

381 S.W.2d at 62. In *McAx*, 547 S.W.2d at 369, this court similarly stated: "Appellant's burden to show that the instructed verdict cannot be sustained on any of the grounds stated in the motion is established by the following cases: *McKelvy v. Barber*, 381 S.W.2d 59, 62 (Tex.1964); *Dunham and Ross Co. v. Stevens*, 538 S.W.2d 212, 214 (Tex.Civ.App.—Waco 1976, no writ); *Woodrum v. Long*, 527 S.W.2d 281, 283 (Tex.Civ.App.—Austin 1975, no writ); *Carrico v. Stop-N-Go Markets of Texas, Inc.*, 492 S.W.2d 383, 384 (Tex.Civ.App.—San Antonio 1973, no writ)."

The plaintiffs have not attempted to establish on appeal that the judgment n.o.v. cannot be sustained on any of the fifteen grounds specified in the motion. The plaintiffs have not attacked the grounds contained in the motion at all. Instead, the plaintiffs have asserted a single point of error attacking language in a letter, purportedly written by the trial court, that is not part of the record on appeal. Therefore, we hold that the plaintiffs have waived "the right to question [any] of such grounds," *McKelvy*, 381 S.W.2d at 62, and that they have failed to carry their burden of establishing that the judgment n.o.v. cannot be sustained on any of the fifteen grounds in the motion.

Accordingly, we affirm the trial court judgment. Because of our disposition of the plaintiffs' and the City's appeals, we need not discuss Brake & Clutch's remaining cross-point. Costs of this appeal are assessed one-half against the City of Dallas and one-half against plaintiffs Marion Monk, Devin Monk, Bradley Snyder and Kelley Snyder.