# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-07-00658-CV

**Larry Brooks, Appellant**

**v.**

**Mass Marketing, Ltd., f/k/a Mass Marketing, Inc., d/b/a Super S Foods, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. C2004-0497B, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw our opinion and judgment of December 8, 2009, and substitute the following opinion in place of the earlier one.

Larry Brooks sued Mass Marketing, Ltd., doing business as Super S Foods ("Super S"), for injuries he sustained in a slip-and-fall accident at a Super S store. Brooks obtained a favorable jury verdict of $75,000, and Super S filed a motion for judgment notwithstanding the verdict. The trial court granted the motion in part and reduced Brooks's award to $25,000. On appeal, Brooks argues that the trial court erred in granting the motion because the evidence was sufficient to support the $75,000 award. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Larry Brooks allegedly injured his back when he slipped and fell on a wet floor at a Super S grocery store. Approximately one month earlier, Brooks had slipped and fallen at an HEB grocery store. In his suit against Super S, Brooks alleged that the two incidents were unrelated and that his back injury (which eventually required two surgeries) was due entirely to his fall at the Super S store.

At trial, Brooks testified that he was working up until his fall at the Super S store but was unable to work after the fall. Brooks's brother testified to the same effect. Brooks also testified that he was earning approximately $28,000 per year before the fall. Brooks did not testify about what his federal income tax rate was at the time, nor did he put on any witnesses (expert or otherwise) who addressed that issue in any respect.

In addition, there was substantial testimony and argument about whether Brooks had, before his fall at the Super S store, applied and been approved for Social Security disability payments based on a prior accident or condition.

The jury returned a verdict in Brooks's favor, finding that Super S's negligence in inadequately marking the wet floor proximately caused Brooks's fall. The jury awarded Brooks $10,000 for physical pain and suffering, $10,000 for past physical impairment, $5,000 for future physical impairment, and $50,000 for past lost earning capacity. The jury awarded nothing for future lost earning capacity. The trial court initially signed a final judgment that ordered Super S to pay Brooks the full $75,000 in damages found by the jury.

2

Super S subsequently filed a motion for judgment notwithstanding the verdict in which it argued that (1) Brooks failed as a matter of law to prove that his fall at the Super S store proximately caused his injuries; (2) Brooks was judicially estopped from claiming that his lost earning capacity resulted from his fall at the Super S store;[1] and (3) Brooks's testimony was not credible and therefore could not support a favorable jury verdict. At the hearing on the motion, Super S also argued that there was an irreconcilable conflict between the jury's finding of $50,000 in *past* lost earning capacity and its finding of $0 in *future* lost earning capacity. The trial court requested supplemental briefing on the lost-earning-capacity issue, and in a supplemental brief Super S asserted that Brooks's evidence regarding his loss of earning capacity violated Texas Civil Practice and Remedies Code section 18.091 because it was not presented in the form of a net loss after reduction for federal income taxes. *See* Tex. Civ. Prac. & Rem. Code Ann. § 18.091(a) (West 2008) ("section 18.091") (evidence of lost earning capacity must reflect impact of income taxes). Super S asserted that, as a result of Brooks's failure to comply with this statutory mandate, the testimony concerning his past earnings constituted no evidence of lost earning capacity.

The trial court found at least one of Super S's arguments meritorious, though it did not specify which, and accordingly rendered an "amended final judgment" that set aside the jury's finding of $50,000 in past lost earning capacity. The remainder of the judgment was not changed.

---

[1] Super S's motion does not clearly explain the basis for this judicial-estoppel argument. From reading the transcript of the hearing on the motion, however, it is apparent that Super S was arguing that Brooks was judicially estopped from claiming his fall at the Super S store diminished his earning capacity because he had previously claimed disability in sworn documents he filed with the Social Security Administration. *See Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 6 (Tex. 2008) (doctrine of judicial estoppel "precludes a party from adopting a position inconsistent with one that it maintained successfully in an earlier proceeding").

3

On appeal, Brooks argues that the court erred in disregarding the jury's finding of $50,000 in past lost earning capacity.

## DISCUSSION

As noted above, Super S made five arguments to support its motion for judgment notwithstanding the verdict. At least two of these—judicial estoppel and section 18.091—were in writing and specifically related to the award of past lost earning capacity. In its amended judgment disregarding the jury's award of $50,000 for that category of damages, the trial court did not specify which of these arguments it found meritorious. On appeal, therefore, Brooks "has the burden of showing that the judgment cannot be sustained on any of the grounds stated in the motion." *Fort Bend County Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 394 (Tex. 1991). This means that we must affirm the judgment if (1) any ground stated in Super S's motion was meritorious, or (2) Brooks failed to raise any of the grounds as an appellate issue. *See Ballesteros v. Jones*, 985 S.W.2d 485, 498-99 (Tex. App.—San Antonio 1999, pet. denied) ("Jones's motion for judgment notwithstanding the verdict rested on several independent grounds. Because the trial court's judgment did not specify which grounds it was granted on, Ballesteros had the burden to establish that the judgment could not be supported on any of the grounds set out in Jones's motion. Otherwise, Ballesteros has waived her right to question any ground not challenged.") (citations omitted); *Herndon v. First Nat'l Bank*, 802 S.W.2d 396, 400 (Tex. App.—Amarillo 1991, writ denied) ("[W]here the judgment of the trial court rests upon two or more independent grounds, the appellant must attack each ground on appeal or the judgment must be affirmed as resting upon a ground not brought forward as error."); *Monk v. Dallas Brake & Clutch Serv. Co.*, 697 S.W.2d 780, 783-84 (Tex. App.—Dallas 1985, writ ref'd

4

n.r.e.) (appellant fails to carry his burden if he does not address each ground on which trial court might have granted motion for judgment notwithstanding verdict) (citing, inter alia, *McKelvy v. Barber*, 381 S.W.2d 59, 62 (Tex. 1964)).

We hold that Brooks has "waived [his] right to question" at least two of Super S's grounds for judgment notwithstanding the verdict. *Ballasteros*, 985 S.W.2d at 499. Brooks's appellate brief does not even mention, much less rebut, Super S's arguments regarding judicial estoppel and section 18.091.[2] Without addressing the merits of these arguments, we note that either or both of them might have been the basis on which the trial court granted Super S's motion for judgment notwithstanding the verdict. Because Brooks failed to raise these arguments in his appellant's brief, he has waived any challenge to those grounds. Accordingly, we must affirm the judgment. *See Monk*, 697 S.W.2d at 84 (affirming judgment notwithstanding verdict because appellant failed to address each ground that might have been basis of judgment).

## CONCLUSION

Because Brooks failed to challenge all grounds on which the trial court might have granted Super S's motion for judgment notwithstanding the verdict, we affirm the judgment.

---

[2] Brooks eventually addressed section 18.091 in his response to Super S's motion for rehearing, but at that point it was too late to raise it as an issue for review. *See* Tex. R. App. P. 38.1(f) (appellant's brief "must state concisely all issues or points presented for review"); *Secure Comm, Inc. v. Anderson*, 31 S.W.3d 428, 431 (Tex. App.—Austin 2000, no pet.) (affirming judgment because appellant's opening brief "does not complain on appeal about all possible bases for the judgment"). Brooks never addressed Super S's judicial-estoppel argument.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed on Motion for Rehearing

Filed:   April 6, 2010

6