

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00360-CV

MARK LESHER AND RHONDA
LESHER

APPELLANTS

V.

CHARLIE DOESCHER, PAT
DOESCHER, APACHE IRON
METAL & AUTO SALVAGE, INC.
D/B/A APACHE TRUCK & VAN
PARTS, GERALD COYEL (AKA
JERRY COYEL) IN HIS INDIVIDUAL
CAPACITY AND D/B/A APACHE
TRUCK & VAN PARTS, AND
SHANNON COYEL

APPELLEES

------------

## FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY

----------

# MEMORANDUM OPINION[1]

----------

Appellants Mark and Rhonda Lesher appeal the take-nothing judgment that the trial court rendered in favor of appellees. We affirm.

## Background Facts

Appellants sued appellees, alleging that appellants were "the victims of a vicious cyber-defamation campaign that was waged on www.topix.com."[2] Specifically, appellants alleged that for approximately a year and a half, through over 25,000 posts on the Topix site, appellees had wrongfully accused appellants of sexually assaulting appellee Shannon Coyel and had made other disparaging statements about them (concerning, among other matters, drugs, diseases, and sexual perversion). Appellants pled that the Topix posts had affected their reputations, damaged their businesses, and caused psychological and emotional trauma. Appellants' pleading quoted language from the posts and asserted numerous counts of defamation and libel arising from that language.[3]

Appellees answered appellants' suit by asserting a general denial and by pleading several affirmative defenses, including a statute of limitations defense

---

[1]*See* Tex. R. App. P. 47.4.

[2]According to appellants' fifth amended petition, Topix is an "interactive internet news bulletin board" that encourages users to comment about local news and events.

[3]The fifth amended petition spans almost eight hundred pages of the clerk's record.

under section 16.002 of the civil practice and remedies code.[4]  Appellees also filed motions for summary judgment.  The motions asserted that appellants could not provide any evidence of various elements of their defamation claims.  Also, the motions noted that appellees had pled that section 16.002's limitations period barred appellants' claims.   Appellants filed a consolidated response to the separate motions, attaching affidavits, discovery materials, printouts of postings from the Topix site, and other evidence.  The trial court denied the motions.

The parties litigated appellants' claims through a five-day jury trial.  After considering the parties' evidence[5] and arguments, the jury found that appellees Charlie Doescher, Gerald Coyel, and Shannon Coyel had published false and defamatory statements about appellants.[6]  Through answering several questions concerning damages, the jury awarded appellants $13,780,000.

Appellants moved for a judgment on the jury's verdict, but appellees moved for a judgment notwithstanding the verdict.  In appellees' motion, they argued in part,

> [T]he following reasons justify the Court disregarding the jury's verdict:

---

[4]*See* Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a) (West 2002) (stating that a libel or slander suit must be brought "not later than one year after the day the cause of action accrues").

[5]Appellants presented much of their evidence through reading deposition transcripts.  Appellees rested without calling any witnesses.

[6]The jury's verdict was not unanimous.

A. There was no evidence of any statement of fact;

B. There was no evidence that any Defendant published a statement of fact;

C. [Plaintiffs'] evidence of publication should have been excluded;

D. There is no evidence to support an award of mental anguish for Mark Lesher or Rhonda Lesher;

E. There was no evidence to support an award of injury to reputation for Mark Lesher or Rhonda Lesher;

F. There was no evidence to support an award to Rhonda Lesher of lost profits; and

*G. Limitations bars recovery by the Plaintiffs.* [Emphasis added.]

Later in the motion, appellees repeated their argument that limitations—specifically, section 16.002—barred appellants' recovery.

The trial court granted appellees' motion for judgment notwithstanding the verdict without specifying its reasons for doing so; thus, the trial court entered a take-nothing judgment against appellants. Appellants filed a motion for new trial. In that motion, appellants recognized that in the motion for judgment notwithstanding the verdict, appellees had argued that limitations barred recovery. Appellants did not, however, address the issue of limitations under section 16.002 in their motion for new trial. The trial court denied appellants' motion for new trial by operation of law,[7] and appellants brought this appeal.

---

[7]*See* Tex. R. Civ. P. 329b(c).

4

**Appellees' Unchallenged Argument for Judgment Requires Affirmance**

A judgment notwithstanding the verdict is properly entered when a directed verdict would have been proper. Tex. R. Civ. P. 301. To win an appeal from a judgment notwithstanding a jury's verdict, an appellant must successfully challenge all independent grounds that the appellee sought judgment on and that may have supported the judgment.[8] *See Ameristar Jet Charter, Inc. v. Cobbs*, 184 S.W.3d 369, 377 (Tex. App.—Dallas 2006, no pet.) ("Because the trial court's judgment notwithstanding the verdict can be affirmed on [an] unchallenged alternative ground, we need not address the merits of appellees' argument."); *Monk v. Dallas Brake & Clutch Serv. Co.*, 697 S.W.2d 780, 783–84 (Tex. App.—Dallas 1985, writ ref'd n.r.e.); *see also Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) ("It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error."); *Speck v. Dry Bones Coffee House*, No. 01-09-00605-CV, 2009 WL 4358039, at *3 (Tex. App.—Houston [1st Dist.] Dec. 3, 2009, no pet.) (mem. op.) (affirming a judgment notwithstanding a verdict when the appellant failed to challenge a basis for judgment that had been urged by the appellee in the trial court); *Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (explaining that if an independent ground fully supports the

_____

[8]The same rule applies to our review of summary judgments. *See Bever Props., L.L.C. v. Jerry Huffman Custom Builder, L.L.C.*, 355 S.W.3d 878, 885 (Tex. App.—Dallas 2011, no pet.); *Torres v. Johnson*, 91 S.W.3d 905, 908 n.3 (Tex. App.—Fort Worth 2002, no pet.).

complained-of judgment but the appellant assigns no error to that independent ground, then an appellate court must "accept the validity of that unchallenged independent ground," and therefore, "any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment").

The record clearly establishes that appellees sought a judgment notwithstanding the jury's verdict on the ground that appellants' claims were barred by the one-year limitations period established by section 16.002. On appeal, in the table of contents section of their brief, appellants state that they are raising five issues. In the part of the brief where appellants state the issues that they are raising, they list six of them, with the final issue being that the trial court "erred in granting the judgment notwithstanding the verdict because Defendants waived any claim that limitations barred recovery." No other part of the brief, however, contains any discussion or legal authorities (statutory or otherwise) regarding either limitations or waiver. Instead, the argument portion of appellants' brief successively addresses appellants' first five listed issues, and after a short discussion of the fifth listed issue, the brief ends with a conclusion and a prayer.[9]

The conclusory, unsupported title of the sixth issue in one sentence contained in a preliminary section of the brief, without any discussion of the issue

_____

[9]In appellees' brief, they noted appellants' failure to brief the issue of limitations. Appellants did not file a reply brief.

6

in the argument section, is insufficient to raise an argument regarding limitations in this court. *See* Tex. R. App. P. 38.1(i) (requiring a brief to contain a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Assisted Living Concepts, Inc. v. Stark*, No. 07-10-00228-CV, 2010 WL 4740345, at *4 (Tex. App.—Amarillo Nov. 23, 2010, no pet.) (mem. op.) (holding that an argument was waived when it was succinctly raised within the prayers of an original brief and a reply brief but not raised in the body of those briefs); *Miller v. Kennedy & Minshew, Prof'l Corp.*, 80 S.W.3d 161, 163 n.1 (Tex. App.—Fort Worth 2002, no pet.) ("We address only the contentions argued and supported by authority in the body of [a] brief."); *M.D. Mark, Inc. v. PIHI P'ship*, No. 01-98-00724-CV, 2001 WL 619604, at *12 (Tex. App.—Houston [1st Dist.] June 7, 2001, no pet.) (not designated for publication) ("There is no 'argument and authority' section corresponding to the three points of error listed in the table of contents. As such, they are not properly before the Court."); *Richard v. Cornerstone Constructors, Inc.*, 921 S.W.2d 465, 469 (Tex. App.—Houston [1st Dist.] 1996, writ denied) (overruling eighteen points of error because although "courts generally construe the briefing rules liberally, a point of error unsupported by the citation of any authority presents nothing for [an appellate court] to review"). It is not the proper role of this court to create or develop arguments for an appellant; we are restricted to addressing the arguments actually raised, not those that might have been raised. *Aluminum Chems. (Bolivia), Inc. v. Bechtel Corp.*, 28 S.W.3d 64, 68 (Tex. App.—Texarkana

7

2000, no pet.) (citing *Garcia v. Robinson*, 817 S.W.2d 59, 60 (Tex. 1991)); *see Beckner v. Stoutimore*, No. 02-09-00399-CV, 2010 WL 2636122, at *1 (Tex. App.—Fort Worth July 1, 2010, no pet.) (mem. op.) (stating that we should not, by speculating as to the substance of an issue, abandon our role as impartial interpreters of the law to assume the role of an advocate for a litigant).

Because appellants have failed to adequately challenge appellees' limitations argument, which was an independent ground for judgment notwithstanding the verdict that appellees raised in the trial court, we affirm the trial court's judgment without addressing the merits of the limitations argument or the merits of appellants' five properly raised and briefed issues. *See* Tex. R. App. P. 47.1; *Cobbs*, 184 S.W.3d at 377; *Monk*, 697 S.W.2d at 783–84; *Speck*, 2009 WL 4358039, at *3.

## Conclusion

For the reasons stated above, without addressing the merits of appellants' five properly raised issues, we affirm the trial court's judgment.


TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED:  October 10, 2013