ACCEPTED
03-15-00317-CV
8311981
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/18/2015 4:51:31 PM
JEFFREY D. KYLE
CLERK

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-15-00317-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/18/2015 4:51:31 PM
JEFFREY D. KYLE
Clerk

TERRY RANDALL
Appellant

v.

HERBERT WALKER D/B/A, WALKER WATER WELLS AND
WALKER WATER WELL SERVICES, LLC
Appellees

**Appellees' Brief**

Alex Metcalf
807 Pecan Street
Bastrop, TX 78602
512-303-6963 (phone)
512-303-6766 (fax)
rule21a@lostpineslawyer.com
State Bar No. 24058000
Attorney for Appellees

## TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Issue Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Issue #1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Texas law allows a trial court to disregard a jury's findings. After a trial during which the plaintiff affirmatively testified that he did not have a meeting of the minds with the defendant on the essential terms of a contract, the Court granted a motion for judgment notwithstanding the verdict. Can the judgment of the trial court can be upheld on any of the grounds asserted in the defendant's motion?

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

*Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812 (Tex. 1997)..... 7

*Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632 (Tex.2007). . . . . . . . . . . . . . . . . . . 4

*Bickle v. City of Panhandle*, 43 S.W.2d 640 (Tex.Civ.App.
Amarillo 1931, writ ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447 (Tex.2008). . . . . . . . . . . . . . . . 6

*Engelman Irrigation Dist. v. Shields Bros.*, 960 S.W.2d 343
(Tex.App.–Corpus Christi 1997).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Fort Bend Cnty. Drainage Dist. v. Sbrusch*, 818 S.W.2d 392
(Tex. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Gasmark, Ltd. v. Kimball Energy Corp.*, 868 S.W.2d 925
(Tex.App.–Fort Worth 1994, no writ).. . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Great Am. Ins. v. North Austin MUD,* 908 S.W.2d 415 (Tex. 1995). . . . . . . . . . . 7

*Gulf Coast Farmers Coop. v. Valley Co-Op Oil Mill*, 572 S.W.2d 726
(Tex.Civ.App. – Corpus Christi 1978, no writ). . . . . . . . . . . . . . . . . . . . . . 5

*Hodges v. Rajpal*, 459 S.W.3d 237 (Tex. App.-Dallas 2015, no pet.). . . . . . . . . . . 8

*Monk v. Dallas Brake & Clutch Serv. Co.*, 697 S.W.2d 780
(Tex. App.-Dallas, 1985, writ ref'd n.r.e.).. . . . . . . . . . . . . . . . . . . . . . . 4

*Shin-Con Dev. Corp. v. I.P. Invs.*, 270 S.W.3d 759
(Tex.App. – Dallas 2008, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . 7

*T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218 (Tex. 1992).. . . . . . . . 6

*Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328 (Tex. 1998). . . . . . . . . 3

## STATEMENT OF THE CASE

Pursuant to Rule 38.2(a)(1)(B), Appellee elects not to include a new Statement of the Case, and hereby adopts the Statement of the Case contained in Appellant's brief.

## ISSUE PRESENTED

I.      Issue Number One:

Texas law allows a trial court to disregard a jury's findings. After a trial during which the plaintiff affirmatively testified that he did not have a meeting of the minds with the defendant on the essential terms of a contract, the Court granted a motion for judgment notwithstanding the verdict. Can the judgment of the trial court can be upheld on any of the grounds asserted in the defendant's motion?

## STATEMENT OF FACTS

Pursuant to Rule 38.2(a)(1)(B), Appellee elects not to include an entirely new Statement of Facts. To the extent that the facts cited in Appellant's brief require supplementation, Appellee has included those facts, along with citations to the record, in the Argument section of his brief.

## SUMMARY OF THE ARGUMENT

The trial court did not err when it granted Appellee's motion for JNOV. The evidence was legally insufficient to support the jury's answers. Additionally, facts contrary to the jury's answers were established as a matter of law. Since the trial court granted the motion without specifying the grounds it relied upon, the Appellant

1

has the burden of disproving every grounds raised in Appellee's motion. Appellant has not carried this high burden.

## ARGUMENT

Texas law allows a trial court to disregard a jury's findings. After a trial during which the plaintiff affirmatively testified that he did not have a meeting of the minds with the defendant on the essential terms of a contract, the Court granted a motion for judgment notwithstanding the verdict. Can the judgment of the trial court can be upheld on any of the grounds asserted in the defendant's motion?

## I.     Procedural Background

Following a jury verdict, Appellee filed a Motion for Judgment Non Obstante Veredicto. *CR 709-711.* Appellee's Motion set out numerous grounds for the Court to disregard the jury's findings. Not only did Appellee's motion challenge the sufficiency of the evidence supporting each of the four questions, the motion also averred that contrary facts were conclusively established as to each of the first two questions. *Id at 710.* After holding a hearing on Appellee's motion, the Court ordered the parties to brief one of the many issues presented: was there legally sufficient evidence of the formation of an enforceable agreement. Appellee filed a brief addressing that issue as ordered. *CR 724-726.* The Court then signed a judgment which grants Appellee's motion, but does not specify the grounds upon which it relied. *CR 739.*

II.     Relevant Law and Standard of Review

Since the trial court granted Appellee's motion for JNOV, but did not state the ground relied upon, Appellant has the burden of showing that the judgment cannot be sustained on any of the grounds stated in the motion. *Fort Bend Cnty. Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 394 (Tex. 1991). This Court must uphold the trial court's judgment if: the record discloses a complete absence of evidence of any vital fact; the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove any vital fact; the only evidence offered to prove any vital fact is no more than a mere scintilla; or the evidence establishes conclusively the opposite of any vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998).

III.    Appellant has not carried his burden of establishing that the judgment cannot be sustained on any of the grounds stated in the motion.

The motion for JNOV on which the trial court granted judgment contained numerous grounds. As to each of the four jury questions, the motion challenged the sufficiency of the evidence to support the answer. *CR 709-710*. The motion also asserted that the evidence conclusively established the opposite of essential elements to the jury's answers to questions 1 and two. *Id at 710*. Appellant picks and chooses which of these grounds to attack in his brief, but fails to carry his burden of negating

3

every element contained in the motion.

A.    Appellant has not shown sufficient evidence in the record of each essential element of the jury's findings.

The motion for JNOV challenged the sufficiency of the evidence to support the answers to questions 1, 2, 3, and 4. *CR 709-710.* Since the motion was granted, the burden is on Appellant to show that there is legally sufficient evidence as to every essential element supporting the jury's findings on each question. *Monk v. Dallas Brake & Clutch Serv. Co.*, 697 S.W.2d 780, 783–84 (Tex. App.-Dallas, 1985, writ ref'd n.r.e.). This the Appellant has not done.

1.    Appellant has not shown sufficient evidence of each essential element of Question 1.

The first question of the jury charge asked about the formation of a legally enforceable contract. The Texas Supreme Court has held that proof of a valid, enforceable contract requires proof of the following 5 elements: an offer; an acceptance; mutual assent; execution and delivery of the contract with the intent that it be mutual and binding; and consideration supporting the contract. *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex.2007). In order to succeed in this Court, the Appellant's brief must cite to legally sufficient evidence of each of these elements.

4

### a.    Offer

To create a valid, enforceable contract, the terms of any offer must be "clear and definite." *Engelman Irrigation Dist. v. Shields Bros.*, 960 S.W.2d 343, 352 (Tex.App.–Corpus Christi 1997). Additionally, all of the essential terms of the offer must be communicated to the offeree. *Id*. Appellant attempts to characterize his own testimony as evidence of a clear and definite offer. As the Record makes clear, this is far from the truth. Appellant's testimony was actually quite convoluted on the terms that were offered, and on whether or not these terms were communicated to Appellee. For instance, Appellant describes a process that started a week or more before the Appellee or anyone associated with him started doing any work for the Appellant and continued until sometime during or after the work was performed. During that process, the terms of the "offer" apparently changed repeatedly regarding the depth to which the wells would be drilled, who would do the drilling, who would be paid for the work, and how payment would be achieved.

### b.    Acceptance

Much as the offer must be clear and definite and communicated to the offeree, an acceptance must be equally clear and definite. *Gulf Coast Farmers Coop. v. Valley Co-Op Oil Mill*, 572 S.W.2d 726, 737 (Tex.Civ.App. – Corpus Christi 1978, no writ). Additionally, to create a valid, enforceable contract, the acceptance must

5

be identical to the offer. *Gasmark, Ltd. v. Kimball Energy Corp.*, 868 S.W.2d 925, 928 (Tex.App.–Fort Worth 1994, no writ). Appellant has offered no evidence that Appellee ever accepted an clear and definite offer.

### c. Mutual Assent

It is a fundamental principal of contract law that, to form a binding contract, the parties must have a "meeting of the minds" on the essential terms of the contract. *David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450 (Tex.2008). In other words, the essential terms of the contract must be agreed on before a court can enforce the contract. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992). In this case, not only did Appellant fail to provide sufficient evidence of mutual assent, Appellant actually testified that he and Appellee "weren't on the same page" about the terms of any agreement. *III RR 122:13-25*.

Since Appellant has failed to provide sufficient evidence of each essential element supporting the jury's answer to Question 1, the judgment of the trial court must be upheld.

### 2. Appellant has not shown sufficient evidence of each essential element of Question 3.

Appellant has also failed to provide sufficient evidence supporting the jury's answer to the damages question. In response to Question 3, the jury found damages

6

of $42,500. Appellee's motion for JNOV challenged the sufficiency of the evidence to support this number. Appellant has not met his burden of showing legally sufficient evidence which would allow the jury to arrive at this amount.

> 3. Appellant has not shown sufficient evidence of each essential element of Question 4.

Finally, Appellant has failed to show sufficient evidence supporting the award of attorney's fees in this case. The essential elements required to support the jury's answer to Question 4 include, among others, that Appellant presented his claim to Appellee, and that the fees were reasonable. *Great Am. Ins. v. North Austin MUD,* 908 S.W.2d 415, 427 (Tex. 1995). Specifically, since Appellant's claim for attorney's fees arises under chapter 38 of the Civil Practice and Remedies Code, Appellant had the burden of proving that it presented its claim for payment to Appellee. *Shin-Con Dev. Corp. v. I.P. Invs.*, 270 S.W.3d 759, 768 (Tex.App. – Dallas 2008, pet. denied). Appellant was also required to present legally sufficient evidence of the reasonableness of the attorney's fees based upon the *Arthur Anderson* factors. *Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

B.     Appellant has not shown that the evidence does not conclusively establish the opposite of each essential element of the jury's findings.

Appellee's motion also asserted as grounds for JNOV that a fact contrary to an essential element supporting the jury's findings on Questions 1 and 2 was conclusively established. *CR 710*. The Appellant must also therefore show that the evidence does not conclusively establish the opposite of each element of those findings. *Hodges v. Rajpal*, 459 S.W.3d 237, 243 (Tex. App.-Dallas 2015, no pet.). This the Appellant has not done.

PRAYER

In light of the foregoing, Appellee respectfully prays the Court to affirm the trial court's judgment.

Respectfully submitted,

Alex Metcalf
807 Pecan Street
Bastrop, Texas 78602
Tel: (512) 303-6963
Fax: (512) 303-6766
rule21a@lostpineslawyer.com

By:     /s/   Alex Metcalf
Alex Metcalf
State Bar No. 24058000
Attorney for Appellees

8

## Certificate of Service

I certify that a true copy of this Appellee's Brief was served in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on each party or that party's lead counsel as follows:

Party:                  Terry Randall
Lead attorney:          S. Cory Sells
Address:                1111 North Loop West, Suite 702, Houston, Texas 77008
Method of service:      By fax
Date of service:        December 18, 2015


By:    /s/   Alex Metcalf
Alex Metcalf
State Bar No. 24058000
Attorney for Appellees

## Certificate of Compliance

I certify that this computer-generated document contains 1,533 words, as reported by the computer program used to prepare the document.


By:    /s/   Alex Metcalf
Alex Metcalf
State Bar No. 24058000
Attorney for Appellee